[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 488.]

DAVIS, EXR., APPELLEE, *v*. WAL-MART STORES, INC., D.B.A. SAM'S CLUB,

APPELLANT, ET AL.

[Cite as *Davis v. Wal-Mart Stores, Inc.*, 2001-Ohio-1593.]

*Civil procedure—Torts—Claims for spoliation of evidence may be brought after primary action has been concluded only when evidence of spoliation is not discovered until after the conclusion of the primary action.*

(No. 00-1145—Submitted March 28, 2001—Decided October 31, 2001.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 75224.

_____

SYLLABUS OF THE COURT

Claims for spoliation of evidence may be brought after the primary action has been concluded only when evidence of spoliation is not discovered until after the conclusion of the primary action.

_____

PFEIFER, J.

{¶ 1} On September 10, 1992, Thomas Davis was fatally injured, while operating a forklift, when the driver of the produce truck he was unloading pulled away from the loading dock prematurely. As a result of this incident, appellee Bernadine Davis, the wife of Thomas Davis, brought an action against appellant Wal-Mart Stores, Inc. ("Wal-Mart") and a co-worker. Davis settled the claim with the co-worker and dismissed her survivor claim against Wal-Mart. Davis's remaining claim for wrongful death against Wal-Mart, based upon an intentional tort, was tried to a jury.

{¶ 2} The jury found for Davis and awarded damages. Thereafter, the trial court granted an award of prejudgment interest. The court of appeals affirmed, and

we denied review. *Davis v. Sam's Club* (1997), 77 Ohio St.3d 1526, 674 N.E.2d 377.

{¶ 3} During the course of post-trial proceedings for prejudgment interest, Davis came to believe that Wal-Mart had withheld certain evidence and documents and that several employees of Wal-Mart had provided false or misleading testimony during their depositions in the intentional tort case. Davis returned to the trial court and filed a new action, alleging that Wal-Mart's spoliation of evidence had led her to dismiss her survivor claim. Davis claimed that this dismissal prevented her from seeking additional compensatory and punitive damages. Wal-Mart moved for summary judgment on Davis's claim of tortious interference with evidence, which was granted, based on *res judicata*.

{¶ 4} The court of appeals reversed and remanded, stating that the present claim of tortious interference and the previous claim of intentional tort did not arise out of the same set of operative facts and, therefore, *res judicata* did not bar the claim for tortious interference. The cause is now before this court pursuant to the allowance of a discretionary appeal.

{¶ 5} In its first proposition of law, Wal-Mart argues that the spoliation claim should be precluded because the spoliation was discovered or should have been discovered before the resolution of the original litigation. As primary authority for this proposition, Wal-Mart cites *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226. The syllabus of *Grava* states: "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." (Citations omitted.)

{¶ 6} While discussing this legal standard, the court of appeals in the case at bar stated:

"For *res judicata* to apply under this theory, however, defendants' acts of allegedly concealing, destroying or intentionally interfering with evidence must

arise from the same 'transaction or occurrence' as that which [led] to decedent's death in the intentional tort wrongful death action. * * *

"The 'occurrence' which triggered the intentional tort case was the decedent's death. The term 'transaction' may be broader than 'occurrence' and was defined in *Grava* to encompass events which arise from a 'common nucleus of operative facts.' [*Grava*, 73 Ohio St.3d at 382, 653 N.E.2d at 229.] Concealing, destroying, misrepresenting, or intentionally interfering with evidence after a workplace death does not arise from a 'common nucleus of operative facts' with those which arose before the death." *Davis v. Wal-Mart Stores, Inc.* (May 8, 2000), Cuyahoga App. No. 75224, unreported, 2000 WL 504114, at *4.

{¶ 7} We could not agree more.

{¶ 8} The court of appeals continued by stating:

"To recover on an intentional tort claim, the claimant must show that the employer disregarded a risk of injury or death to the employee that was substantially certain to occur. Nothing in the record shows that any other issue was raised or submitted to the jury in the intentional tort case.

"Defendants have likewise not shown that a motion for prejudgment interest alleging a failure to make a good faith effort to settle an intentional tort case precludes subsequently raising a spoliation of evidence claim. This is particularly true, as in the case at bar, when alleged acts of concealing, destroying, misrepresenting, and/or intentionally interfering with evidence were not discovered until after the final judgment in the intentional tort litigation." *Id.*

{¶ 9} Again we agree with the court of appeals completely.

{¶ 10} This case was decided originally when the trial court granted summary judgment. "[S]ummary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being

entitled to have the evidence or stipulation construed most strongly in the party's favor." Civ.R. 56(C).

{¶ 11} It is possible that reasonable minds could conclude that the basis for the second action, the alleged misrepresentations and withholding of evidence, occurred after and independent of the first action, based upon the truck's pulling away from the loading dock prematurely and tragically. Therefore, it is not possible for reasonable minds to reach but one conclusion, one that is adverse to Davis, namely, that the spoliation claim and the intentional tort claim arose out of a common nucleus of operative facts. However, such a conclusion is essential to uphold the trial court's grant of summary judgment based on *res judicata*. Accordingly, *res judicata* is inapplicable, and the grant of summary judgment was improper. We reject Wal-Mart's first proposition of law.

{¶ 12} We further note that *res judicata* is not a shield to protect the blameworthy. " 'The doctrine of res judicata is not a mere matter of practice or procedure inherited from a more technical time, but rather a rule of fundamental and substantial justice, or public policy and of private peace. The doctrine may be said to adhere in legal systems as a rule of justice. Hence, the position has been taken that the doctrine of res judicata is to be applied in particular situations as fairness and justice require, *and that it is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice*.' " *Grava*, 73 Ohio St.3d at 386, 653 N.E.2d at 232 (Douglas, J., dissenting), quoting 46 American Jurisprudence 2d (1994) 786-787, Judgments, Section 522. There is something wrong with a legal doctrine that could be used in a situation like the one before us to reward a party for misrepresenting or destroying evidence. Whether Wal-Mart actually committed those acts is for a jury to determine. Given the facts of this case, Wal-Mart will not be shielded by *res judicata*.

{¶ 13} In its second proposition of law, Wal-Mart argues that "claims for spoliation of evidence should be brought at the same time as, or as an amendment

to, the primary action." We stated in *Smith v. Howard Johnson Co., Inc.* (1993), 67 Ohio St.3d 28, 29, 615 N.E.2d 1037, 1038, that spoliation claims "may be brought at the same time as the primary action." "May" is permissive. Had we intended for all spoliation claims to be brought at the same time as the primary action we would have chosen "must" or "shall." We did not. To clarify *Smith*, today we hold that claims for spoliation of evidence may be brought after the primary action has been concluded only when evidence of spoliation is not discovered until after the conclusion of the primary action. We reject Wal-Mart's second proposition of law.[1]

*Judgment affirmed.*

Moyer, C.J., and DOUGLAS, J., concur.

LUNDBERG STRATTON, J., concurs except that she dissents from footnote 1.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur in part and dissent in part.

COOK, J., dissents.

_____

**FRANCIS E. SWEENEY, SR., J., concurring in part and dissenting in part.**

{¶ 14} I agree with the majority's decision to remand the cause for a jury trial on the spoliation claim under *Smith v. Howard Johnson Co., Inc.* (1993), 67 Ohio St.3d 28, 615 N.E.2d 1037. However, I disagree with the majority's failure to discuss appellee's separate claim to punitive damages under *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 635 N.E.2d 331. Thus, upon remand, I would explicitly hold that the plaintiff is entitled to proceed on both the spoliation and punitive damages claims.

---

1. The plaintiff pled punitive damages pursuant to *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 635 N.E.2d 331. However, due to the nature of the proceedings in the trial court, the court of appeals limited its discussion to *res judicata*. In the interest of judicial economy, we note that nothing in this opinion or the lower court decisions should be taken to suggest that Davis is unable to pursue *Moskovitz* damages on remand.

**{¶ 15}** In *Smith v. Howard Johnson, supra,* we held that a cause of action exists in tort for interference with or destruction of evidence, and that such a claim "may be brought at the same time as the primary action." *Id.*, 67 Ohio St.3d at 29, 615 N.E.2d at 1038. I agree with the majority's finding that our use of the word "may" certainly does not imply that such a claim must be brought at the same time as the primary action. To the contrary, a claim for damages under *Smith* may—and in the majority of cases most likely will—be brought after entry of the judgment in the primary action.

**{¶ 16}** However, to recover compensatory damages in a spoliation claim, appellee must prove that her underlying case was disrupted, and that the disruption proximately caused damages. *Id.* at 29, 615 N.E.2d at 1038. In this case, appellee may ultimately succeed in proving that her case was disrupted and that the disruption proximately caused damages. Yet, such success is not a prerequisite to her recovery of punitive damages under *Moskovitz.*

**{¶ 17}** Unlike a claim for compensatory damages under *Smith,* a claim for punitive damages under *Moskovitz* does not require proof of damages proximately caused by the act or acts of spoliation. *Id.*, 69 Ohio St.3d at 649-652, 635 N.E.2d at 341-344. However, in order to obtain punitive damages for spoliation under *Moskovitz,* there must be some compensatory award in the underlying litigation, and the spoliation must be "inextricably intertwined" with the underlying action. *Id.* at 651, 635 N.E.2d at 342. Such damages may be awarded provided that the spoliation was undertaken to avoid liability for the underlying tort. *Id.* at 651, 635 N.E.2d at 342-343. In *Moskovitz*, the underlying tort was medical negligence; here, it was an employer intentional tort. Thus, as in *Moskovitz,* the award to appellee on the underlying tort forms the necessary predicate for an award of punitive damages based upon the alleged spoliation of evidence tending to establish an employer intentional tort.

**{¶ 18}** Appellee faced an uphill battle in proving her intentional tort claim because, she alleges, Wal-Mart employees presented false and misleading testimony during discovery depositions and at trial. She claims that important documents ("Exhibit A" and weekly accident reports) were not produced, and that this conduct continued during the litigation of the spoliation and punitive damages claims. Appellee contends that it was only after Wal-Mart employees were confronted with their lies and misleading answers that they were forced to admit to them.

**{¶ 19}** The purpose of punitive damages is not to compensate a plaintiff but to punish the guilty, deter future misconduct, and to demonstrate society's disapproval. *Moskovitz,* 69 Ohio St.3d at 651, 635 N.E.2d at 343; *Calmes v. Goodyear Tire & Rubber Co.* (1991), 61 Ohio St.3d 470, 473, 575 N.E.2d 416, 419; *Preston v. Murty* (1987), 32 Ohio St.3d 334, 512 N.E.2d 1174. *Zoppo v. Homestead Ins. Co.* (1994), 71 Ohio St.3d 552, 557, 644 N.E.2d 397, 401, establishes that the assessment of punitive damage is for the jury to decide.

**{¶ 20}** In *Calmes, supra,* 61 Ohio St.3d at 473, 575 N.E.2d at 419, we found that punitive damages are available upon a finding of actual malice. "Actual malice" was defined in *Preston, supra,* 32 Ohio St.3d 334, 512 N.E.2d 1174, syllabus, as "(1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, *or* (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." (Emphasis added.) Based upon this definition, the record in this case supports a request for punitive damages.

**{¶ 21}** Accordingly, I would direct the trial court to instruct the jury that if it finds that Wal-Mart concealed or destroyed evidence in order to minimize or avoid liability for Thomas Davis's death, the jury may award punitive damages, whether or not the concealment or destruction of evidence proximately caused damages to appellee.

**{¶ 22}** In order for our legal system to work, pursuant to our rules of procedure, a litigant must have the ability to investigate and uncover evidence after filing suit. The intentional concealment or destruction of evidence not only violates the spirit of liberal discovery but also reveals a shocking disregard for orderly judicial procedures and traditional notions of fair play. Damage is caused not only to the parties to the suit, but also to the judicial system and the public's confidence in that system. Wal-Mart harms the sanctity of the judicial system and makes a mockery of its search for the truth.

**{¶ 23}** For these reasons, I concur in part and dissent in part.

DOUGLAS and RESNICK, JJ., concur in the foregoing opinion.

_____

**COOK, J., dissenting.**

**{¶ 24}** In *Smith v. Howard Johnson Co., Inc.* (1993), 67 Ohio St.3d 28, 29, 615 N.E.2d 1037, 1038, this court adopted the spoliation tort (placing this court among the minority of jurisdictions to have done so[2]) in a single conclusory paragraph—ten lines of text summarily responding to three certified questions from a federal district court. Today's majority opinion, equally bereft of substantive legal analysis, overrules appellant's propositions of law with citation only to *Smith, Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, and the court of appeals' opinion. Because I believe that the trial court correctly applied the doctrine of *res judicata* to preclude Davis's second tort action against Wal-Mart, I respectfully dissent.

---

2. For discussions of the tort's precarious status nationwide, see *Cedars-Sinai Med. Ctr. v. Superior Court of Los Angeles Cty.* (1998), 18 Cal.4th 1, 11, 74 Cal.Rptr.2d 248, 254, 954 P.2d 511, 517 (California Supreme Court deciding not to recognize the tort, given the "strong policy favoring use of nontort remedies rather than derivative tort causes of action to punish and correct litigation misconduct"), and *Goff v. Harold Ives Trucking Co., Inc.* (2000), 342 Ark. 143, 146, 151, 27 S.W.3d 387, 388, 391 (Supreme Court of Arkansas finding it "unnecessary and unwise" to join those "few jurisdictions" that recognize an independent spoliation tort). See, also, *Smith v. Atkinson* (Ala.2000), 771 So.2d 429, 439-441 (See, J., dissenting).

I

{¶ 25} Even if I were to agree with the majority's syllabus that "[c]laims for spoliation * * * may be brought after the primary action has been concluded only when evidence of spoliation is not discovered until after the conclusion of the primary action," the majority fails to explain exactly *which* evidence of spoliation presented here was not discovered until *after* Davis's primary action concluded. Nor does the majority explain exactly *when* a "primary action" "concludes" for purposes of its syllabus and/or *res judicata*. These are significant issues, because the allegations in Davis's instant complaint focus on (1) "Exhibit A," which Davis admittedly discovered *before her first intentional tort case went to trial,* and (2) a Sam's Club claims file, which Davis admittedly obtained in conjunction with her motion for prejudgment interest *in the intentional tort case.* Because the majority opinion never actually applies the syllabus to the specific evidence alleged to have been spoliated in this case, the spoliation tort will remain as unexplained to the bench and bar as it was after its cursory recognition in *Smith*.

II

{¶ 26} I also write separately to emphasize a significant procedural issue discussed by the court of appeals yet absent from today's majority opinion. As the appellate court observed, the trial court has yet to determine whether Davis has actually presented a *prima facie* case for spoliation of evidence. *Davis v. Wal-Mart Stores, Inc.* (May 8, 2000), Cuyahoga App. No. 75224, unreported, at 6, 2000 WL 504114, at *2, fn. 1. In its motion for summary judgment, in addition to arguing that Davis's instant claim was barred by *res judicata,* Wal-Mart contended that Davis had presented no evidence of (1) a *willful destruction* of evidence, (2) a disruption of her case, or (3) damages proximately caused by defendants' actions.

All of these are essential elements of the tort according to this court's express language in *Smith*, 67 Ohio St.3d at 29, 615 N.E.2d at 1038.[3]

{¶ 27} One of *Smith*'s essential elements, "willful destruction," differs significantly from "concealment," "interference," or "misrepresentation"—at least as these terms are commonly understood. See Webster's Third New International Dictionary (1986) 615 (destruction), 469 (concealment), 1178 (interference), 1445 (misrepresentation). Yet, despite this court's express insistence in *Smith* that a spoliation plaintiff prove "willful destruction," both the court of appeals and the majority apply interchangeably all of these distinct concepts. For example, the court of appeals stated that "[f]or *res judicata* to apply * * *, defendants' acts of allegedly *concealing, destroying or intentionally interfering with evidence* must arise from the same 'transaction or occurrence' as that which [led] to decedent's death." (Emphasis added.) *Davis* at *4. And in addition to adopting this language from the appellate opinion, the majority states that "[t]here is something wrong with a legal doctrine that could be used in a situation like the one before us to reward a party for *misrepresenting or destroying evidence*." (Emphasis added.) We were not asked in this appeal to broaden the existing elements of the tort recognized in *Smith*, and the majority should not imply that evidence of concealment,

---

3. The federal district court in *Smith* queried whether Ohio recognizes a tort of "spoliation of evidence and/or tortious interference with prospective civil litigation." *Smith,* 67 Ohio St.3d at 29, 615 N.E.2d at 1038. The *Smith* court did not apply the district court's term "spoliation" in its order answering this question, although the term has apparently been reborn in today's syllabus. Rather, the *Smith* court decided that "[a] cause of action exists in tort for interference with *or* destruction of evidence." (Emphasis added.) *Id.* The *label* of the tort recognized in *Smith* suggests that a party may be found civilly liable for "interference with" evidence. See *id.* Yet with its enumeration of the essential *elements* of this tort, *Smith* expressly requires plaintiffs to prove "willful destruction." *Id.* As the case before us demonstrates, a party's alleged "interference" with evidence does not always equate to "destruction" of evidence. Indeed, Davis attaches to her complaint one of the very documents that she alleges Wal-Mart failed to produce in the prior intentional tort action. If the evidence had been "willfully destroyed," as *Smith* requires, Davis would presumably have been unable to attach it to her complaint. Other allegations in Davis's complaint are based on a claims file—also not destroyed—that Davis obtained during the prejudgment interest proceedings.

interference, and/or misrepresentation may satisfy the "willful destruction" element of the tort.[4]

{¶ 28} Given its disposition in favor of Wal-Mart on the basis of *res judicata*, the trial court never addressed Wal-Mart's argument that Davis failed to make a *prima facie* case, nor did it address Wal-Mart's separate contention that no civil liability exists for statements made by a witness during trial. As the court of appeals instructed, the trial court should address Wal-Mart's remaining arguments on remand. *Davis* at fn. 1. When it does so, the trial court need not interpret the majority's dicta as a holding by this court that *Smith*'s necessary element of "willful destruction" may be satisfied by proof of "concealment," "misrepresentation," or "interference."

_____

*Greene & Eisen Co., L.P.A., William M. Greene, Brian N. Eisen* and *Eric M. Schreibman*, for appellee.

*Jones, Day, Reavis & Pogue, Jeffrey S. Sutton* and *Brian G. Selden; Reminger & Reminger Co., L.P.A., Clifford C. Masch* and *Roy A. Hulme*, for appellant.

_____

_____

4. Wal-Mart *has* specifically asked us to "reconsider the continued recognition of the spoliation tort," yet the majority has failed to respond to any of these arguments.