OPINION
William McCory ("McCory") appeals from a judgment of the Montgomery County Court of Common Pleas, which granted Thomas Clements' ("Clements") motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6).
On May 15, 1998, McCory entered into an agreement with Clements whereby Clements agreed to install a new concrete driveway at McCory's residence and McCory agreed to pay Clements $3,500. The agreement was memorialized in a handwritten document, which diagramed the work to be done and stated the price of $3,500 but which was not signed by either party. Clements completed the driveway and received full payment from McCory.
On December 2, 1999, McCory filed a complaint against Clements in the Small Claims Court of Montgomery County, Ohio, Area One, alleging that the driveway was installed "in an unsatisfactory and unprofessional manor (sic)." A trial on the merits was held on January 13, 2000, and the court ruled for Clements, finding that McCory had failed to meet his burden of proof. According to the court's decision, the testimony involved "a cement (sic) driveway poured by [Clements] on [McCory's] property."
McCory filed his complaint in the instant action on October 5, 2000. The complaint alleged the same facts as the 1999 complaint, but asserted two additional claims for relief under the Ohio Consumer Sales Practices Act, specifically the Home Solicitation Sales Act. McCory alleged that Clements had violated the act by failing to provide McCory with a contract that included a provision stating that McCory had the right to cancel the contract within three days. On March 28, 2001, McCory filed a motion for summary judgment on the Consumer Sales Practices Act claims. On April 26, 2001, Clements filed a motion to dismiss, arguing that the claims were barred by the doctrine of res judicata. Appended to the motion to dismiss were the small claims complaint and judgment. On June 18, 2001, the magistrate issued a decision granting Clements' motion to dismiss on the basis that McCory's claims were barred by res judicata, stating that both cases arose out of the same home improvement transaction. The trial court adopted the magistrate's decision on August 20, 2001.
McCory appeals, raising two assignments of error.
 THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION GRANTING APPELLEE'S MOTION TO DISMISS ON THE BASIS THAT RES JUDICATA BARRED APPELLANT'S ACTION BECAUSE (1) THE PRESENT AND PRIOR ACTIONS DO NOT ARISE OUT OF A COMMON NUCLEUS OF OPERATIVE FACTS AND (2) APPELLEE DID NOT MEET HIS BURDEN OF PROOF TO SHOW THAT THE IDENTICAL ISSUE WAS ACTUALLY LITIGATED, DIRECTLY DETERMINED OR ESSENTIAL TO THE JUDGMENT HANDED DOWN BY THE MONTGOMERY COUNTY AREA ONE COURT IN THE PREVIOUS ACTION BY APPELLANT AGAINST APPELLEE.
Under this assignment of error, McCory argues that the trial court erred in dismissing his action based upon its conclusion that it was barred by res judicata. The trial court dismissed the action pursuant to Civ.R. 12(B)(6). McCory argues that the two cases were not based upon the same transaction as they do not arise out of a common nucleus of operative facts.
Initially, we note that the defense of res judicata is not properly raised in a motion to dismiss under Civ.R. 12(B)(6). See State, ex rel.Freeman v. Morris (1991), 62 Ohio St.3d 107, 109. The magistrate recognized this but stated that Clements had properly raised resjudicata in response to McCory's motion for summary judgment. This is curious because Clements had filed a separate response to the motion for summary judgment that did not assert res judicata. Furthermore, the motion to dismiss relied on evidentiary materials outside the pleadings, although res judicata was asserted as a defense in Clements' answer. Therefore, the trial court should have converted the motion into a motion for summary judgment. Civ.R. 12(B). However, as McCory has failed to object to the trial court's treating Clements motion as a motion to dismiss, either here or in the trial court, any procedural error is waived.
The doctrine of res judicata includes both claim preclusion (estoppel by judgment) and issue preclusion (collateral estoppel). See Grava v.Parkman Twp. (1995), 73 Ohio St.3d 379, 381. Issue preclusion does not apply in this case because the violations of the Consumer Sales Practices Act were clearly not litigated in the first case. However, the action may still be barred by claim preclusion.
In Grava, the supreme court held that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Id. at 382. Citing to 1 Restatement of the Law 2d, Judgments (1982), Section 24(l), the court stated:
 When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar * * *, the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
Id. "Transaction" is defined as a "common nucleus of operative facts."Id. Furthermore,
 The rule of § 24 applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) To present evidence or grounds or theories of the case not presented in the first action, or (2) To seek remedies or forms of relief not demanded in the first action.
(Emphasis sic.) Id. at 383, citing Restatement of Judgments, supra, Section 25. Thus, the supreme court has noted that "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in the first lawsuit." (Emphasis sic.) Id. at 382, quoting Natl. Amusements, Inc. v.Springdale (1990), 53 Ohio St.3d 60, 62. Therefore, "[t]he doctrine ofres judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." Id., quotingNatl. Amusements, supra.
McCory argues that the Consumer Sales Practices Act claims did not arise from the same transaction, or common nucleus of operative fact, as the small claims action. Specifically, he alleges that the small claims action related to the "quality of the finished product after the work was completed" while the Consumer Sales Practices Act action related to "the dealings between the parties prior to the performance of the services agreed upon." However, we disagree.
Both actions, as the trial court stated, "arose out of the same home improvement transaction." The fact that McCory focuses on different facts to support the two claims does not negate Clements' res judicata
defense. See Grava, supra, at 383. The supreme court has stated thatres judicata extinguishes the plaintiff's rights against the defendant with respect to "all or any part of the transaction, or series of connected transactions, out of which the action arose." Grava, supra, at 382. We are particularly persuaded by the supreme court's pronouncements that "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been
litigated in the first lawsuit" and that "[t]he doctrine of res judicata
requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." Grava, supra, at 382. McCory's Consumer Sales Practices Act claims arose from the same transaction as his faulty workmanship claim. Furthermore, he could have brought both claims in one cause of action. Because he did not, he is barred from asserting new claims at this time. Therefore, the trial court did not err in concluding that res judicata barred McCory's Consumer Sales Practices Act claims.
The first assignment of error is overruled.
 THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION BECAUSE FUNDAMENTAL FAIRNESS DICTATES THAT APPELLANT BE PERMITTED TO PURSUE HIS CLAIM FOR RESCISSION OF THE AGREEMENT BETWEEN THE PARTIES FOR A VIOLATION OF THE OHIO CONSUMER SALES PRACTICE ACT BY APPELLEE.
Under this assignment of error, McCory argues that application of resjudicata to his Consumer Sales Practices Act claims would be unjust because Clements has admitted that he violated the Consumer Sales Practices Act and because McCory was pro se in his small claims action. In support of this argument, he cites to Davis v. Wal-Mart Stores, Inc. (2001), 93 Ohio St.3d 488, 491, citing Grava, supra, at 386 (Douglas, J., dissenting):
 The doctrine of res judicata is not a mere matter of practice or procedure inherited from a more technical time, but rather a rule of fundamental and substantial justice, or public policy and of private peace. The doctrine may be said to adhere in legal systems as a rule of justice. Hence, the position has been taken that the doctrine of res judicata is to be applied in particular situations as fairness and justice require, and that it is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice.
(Emphasis sic.)
The Davis case cited by McCory dealt with whether a claim for spoilation of evidence was barred by res judicata. The court held thatres judicata was inapplicable because reasonable minds could differ as to whether a claim for spoilation of evidence arose from the same transaction as a claim for the death of an employee. See id. at 490-91. The court also noted that the facts supporting the spoilation of evidence claim were not discovered until after final judgment in the earlier claim. See id. at 490. The court noted that "res judicata is not a shield to protect the blameworthy" and, after quoting the above language from the dissent in Grava, stated that "[t]here is something wrong with a legal doctrine that could be used in a situation like the one before us to reward a party for misrepresenting or destroying evidence." Id. at 491.
We note that Davis did not find that res judicata should not apply due to injustice. Rather, the court concluded that reasonable minds could differ as to whether the claims arose from the same transaction, and therefore res judicata did not bar the action. Furthermore, the same injustice is not present in this case as would have been in Davis had resjudicata applied. There is no injustice in requiring a plaintiff to "avail himself of all available grounds for relief in the first proceeding." Grava, supra, at 383. We agree with the court in Grava:
 Absent changed circumstances, refusing to allow [McCory] to use an alternate legal theory overlooked in the previous proceedings does not work an injustice. Instead, by providing parties with an incentive to resolve conclusively an entire controversy involving the same core of facts, such refusal establishes certainty in legal relations and individual rights, accords stability to judgments, and promotes the efficient use of limited judicial or quasi-judicial time and resources. The instability that would follow the establishment of a precedent for disregarding the doctrine of res judicata for "equitable" reasons would be greater than the benefit that might result from relieving some cases of individual hardship.
Id. at 383-84. Our decision is in no way affected by the fact that McCory proceeded pro se in his original action as pro se litigants are bound by the same rules as represented parties and must accept the consequences of their own mistakes. See Holman v. Keegan (2000),139 Ohio App.3d 911, 918; Meyers v. First Natl. Bank (1981),3 Ohio App.3d 209, 210.
The second assignment of error is overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. and GRADY, J., concur.