OPINION
{¶ 1} Appellant, Carolyn Ciganik, appeals from the December 3, 2003 judgment entry of the Portage County Court of Common Pleas, granting appellees', Duane Kaley ("Kaley"), Portage County Sheriff's Department ("PCSD"), Charles Keiper ("Keiper"), Christopher Smeiles ("Smeiles"), and Kathleen Chandler ("Chandler"), motion for summary judgment.[1]
 {¶ 2} On January 7, 2002, appellant filed a complaint against appellees, alleging unauthorized destruction or removal of public records pursuant to R.C. 149.351(B)(2), and destruction or interference with evidence.[2] Appellees filed an answer on March 8, 2002.
 {¶ 3} On November 26, 2002, appellant filed an amended complaint against appellees.[3] Appellees filed an answer on December 9, 2002.
 {¶ 4} On February 28, 2003, appellees filed a motion for summary judgment pursuant to Civ.R. 56(C). Appellant filed a response on April 16, 2003. Appellees filed a reply on April 25, 2003.
 {¶ 5} Appellant began her employment with PCSD as a Corrections Officer in 1990, and in 2001, was promoted to a Sergeant in the Corrections Division. In 1995, appellant applied for an advancement to the position of Sergeant. After a written test and interviews, another candidate was selected for the position.[4] In 1996, appellant filed a federal complaint for discrimination against appellees on the basis that she was a woman and was, therefore, denied a promotion to the rank of Sergeant in 1995.
 {¶ 6} During discovery in her federal case in February 2000, appellant requested "all documents" used by those individuals involved with the promotional test for rank of Sergeant. On December 15, 2000, appellees hand delivered numerous documents to appellant's counsel. However, those documents did not include many of the documents related to the tests and interviews of the candidates for the Sergeant position. Appellant admitted that she did not review the discovery material when it was received by her counsel.
 {¶ 7} In appellant's deposition, appellant stated that Hoover had testified at her deposition on February 6, 2001, that she had two stacks of documents in her office from the promotional process, and that these documents came up missing sometime between January 5, 1996 and April 1, 1996, while Hoover was on medical leave. According to appellant, she believed that Kaley knew where the subject documents were and that Hoover might have shredded them. Appellant admitted, however, that she had no evidence to support either of her beliefs, except for the verbal report of others that Hoover had been shredding some unspecified documents before leaving PCSD in December 1998. The shredded documents were never identified as the documents missing from Hoover's office. Also, appellant testified that she did not have any information or evidence that Kaley instructed anyone to destroy the documents at issue.
 {¶ 8} Pursuant to its December 3, 2003 judgment entry, the trial court granted appellees' motion for summary judgment. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:
 {¶ 9} "[1.] The trial court erred in holding that the statute of limitations had run on [appellant's] R.C. 149.351 claim for the removal or destruction of public records by misapplying the discovery rule concerning the running of the statute of limitations to the facts of this case.
 {¶ 10} "[2.] The trial court erred in holding that appellant could not maintain her claim for spoliation of evidence because she was required to bring such claim in her federal case under the rule announced by the Ohio Supreme Court in Davis v.Wal-Mart Stores, Inc. (2001), 93 Ohio St.3d 488.
 {¶ 11} "[3.] The trial court erred in holding that [appellant] could not maintain her claim for spoliation of evidence because she was not able to show some proof of willful destruction of evidence by appellees.
 {¶ 12} "[4.] The trial court erred when it ruled that neither the Commissioners, nor Sheriff Kaley individually, were subject to suit, and when it failed to rule that Sheriff Kaley in his official capacity was subject to suit."
 {¶ 13} In her first assignment of error, appellant argues that the trial court erred in holding that the statute of limitations had run on her R.C. 149.351 claim. In her first issue, appellant contends that the exercise of "reasonable diligence" under the discovery rule does not require that a party affirmatively recognize that documents have been destroyed or removed in violation of R.C. 149.351 the moment other records are delivered to opposing counsel during discovery. Rather, appellant stresses that the "cognizable event" is when the party first learns the identity of such documents, and that they are permanently unavailable, subjecting the offending public entity to a forfeiture action. In her second issue, appellant alleges that the "cognizable event" under the discovery rule signals the commencement of the applicable statute of limitations and the full limitations period follows the cognizable event. In her third issue, appellant posits that a court is obligated, when deciding a motion for summary judgment, to construe the facts in a light most favorable to the non-movant and refrain from fact-finding. In her fourth issue, appellant indicates that in determining the applicable statute of limitations, this court should be guided by policy considerations, particularly the adverse precedent set if appellees were permitted to profit by their destruction or concealment of public records.
 {¶ 14} In order for a summary judgment to be granted, the moving party must prove: "* * * (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." Mootispawv. Eckstein (1996), 76 Ohio St.3d 383, 385.
 {¶ 15} The Supreme Court stated in Dresher v. Burt (1996),75 Ohio St.3d 280, 296, that: "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the recordwhich demonstrate the absence of a genuine issue of fact on amaterial element of the nonmoving party's claim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. * * *" (Emphasis sic.)
 {¶ 16} If the moving party satisfies this burden, then the nonmoving party has the burden pursuant to Civ.R. 56(E) to provide evidence demonstrating a genuine issue of material fact. If the nonmoving party does not satisfy this burden, then summary judgment is appropriate. Civ.R. 56(E). Appellate courts review a trial court's granting of summary judgment de novo. Brown v.Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. TheBrown court stated that "we review the judgment independently and without deference to the trial court's determination." Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v. Leadworks Corp.
(1992), 79 Ohio App.3d 735, 741. Furthermore, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
 {¶ 17} R.C. 149.351 provides that:
 {¶ 18} "(A) All records are the property of the public office concerned and shall not be removed, destroyed, mutilated, transferred, or otherwise damaged or disposed of, in whole or in part, except as provided by law or under the rules adopted by the records commissions provided for under sections 149.38 to 149.42
of the Revised Code * * *.
 {¶ 19} "(B) Any person who is aggrieved by the removal, destruction, mutilation, or transfer of, or by other damage to or disposition of a record in violation of division (A) of this section, or by threat of such removal, destruction, mutilation, transfer, or other damage to or disposition of such a record, may commence either or both of the following in the court of common pleas * * *.
 {¶ 20} "* * *
 {¶ 21} "(2) A civil action to recover a forfeiture in the amount of one thousand dollars for each violation, and to obtain an award of the reasonable attorney's fees incurred by the person in the civil action."
 {¶ 22} "As R.C. 149.351(B)(2) provides for a forfeiture, the statute of limitations applicable is one year as set forth in R.C. 2305.11(A). [R.C. 2305.11(A) states that `* * * an action upon a statute for a penalty or forfeiture shall be commenced within one year after the cause of action accrued * * *.'] The filing of an action after the expiration of the statute of limitations is a bar to the action. R.C. 2305.05." Hughes v. N.Olmsted (Jan. 23, 1997), 8th Dist. No. 70705, 1997 Ohio App. LEXIS 224, at 7.
 {¶ 23} "Generally, the discovery rule states that the statute of limitations does not begin to run until the plaintiff discovered, or through the exercise of reasonable diligence, should have discovered, the complained of injury." Smith v.Rudler (Aug. 13, 1993), 11th Dist. No. 92-A-1753, 1993 Ohio App. LEXIS 3967, at 3, citing Investors REIT One v. Jacobs (1989),46 Ohio St.3d 176, 179. "* * * `[C]onstructive knowledge of the facts, rather than actual knowledge of their legal significance, is enough to start the statute of limitations running under the discovery (cognizable event) rule.'" Komsa v. Terveer (Mar. 31, 2000), 11th Dist. No. 98-L-275, 2000 Ohio App. LEXIS 1398, at 7, quoting Flowers v. Walker (1992), 63 Ohio St.3d 546, 549.
 {¶ 24} In the case at bar, with respect to appellant's first and second issues, the subject documents turned up missing on or about April 1, 1996. Appellant's present action was filed on January 7, 2002. Again, during discovery in her federal case, appellant requested "all documents" used by those individuals involved with the promotional test. On December 15, 2000, appellees hand delivered numerous documents to appellant's counsel. However, those documents did not include many of the documents related to the tests and interviews. We must stress that appellant admitted that she did not review any of the discovery material supplied by appellees when it was received by her counsel.
 {¶ 25} Pursuant to Rudler and Jacobs, supra, the statute of limitations began to run when the cognizable event occurred on December 15, 2000, at which time appellant discovered, or through the exercise of reasonable diligence, should have discovered that the documents were removed, destroyed, mutilated, transferred, disposed of, or damaged. We agree with the trial court that after receipt of the documents by appellant's counsel on December 15, 2000, appellant should have, with reasonable diligence, reviewed them within one year and thereby discovered that many of the documents were missing. If appellant would have exercised due diligence between December 15, 2000 to December 15, 2001, she would have discovered that documents were missing, which would have enabled her to file within the statute of limitations. The knowledge and behavior of an attorney is imputed to his or her client. Mayor v. WCI Steel, Inc. (Mar. 16, 2001), 11th Dist. No. 2000-T-0054, 2001 Ohio App. LEXIS 1241, at 5. Here, appellant did not file the present action until January 7, 2002. Thus, based on R.C. 2305.11(A), appellant failed to file within one year after the cause of action accrued. Therefore, appellant's first and second issues are without merit.
 {¶ 26} With respect to her third issue, appellant alleges that the trial court failed to construe the evidence most strongly in her favor as required by Civ.R. 56(C). We disagree. A reasonable juror could easily conclude that the cognizable triggering event occurred on December 15, 2000. Also, there is no credible evidence of any fraudulent concealment regarding appellees. Based on Mootispaw, supra, it was proper for the trial court to conclude that summary judgment was appropriate. Therefore, appellant's third issue is without merit.
 {¶ 27} In her fourth issue, appellant contends that in determining the applicable statute of limitations, we should be guided by policy considerations, particularly the adverse precedent set if appellees were permitted to profit by their destruction or concealment of public records. Again, there is no credible evidence of any fraudulent concealment regarding appellees. Based on the evidence presented, by subjecting appellant to R.C. 149.351 and the one-year statute of limitations pursuant to R.C. 2305.11(A), this court is not encouraging the practice of destroying records or daring an aggrieved party to timely learn of it. Appellant's fourth issue is not well-taken. Thus, appellant's first assignment of error is without merit.
 {¶ 28} In her second assignment of error, appellant alleges that the trial court erred in holding that she could not maintain her claim for spoliation of evidence because she was required to bring such claim in her federal case under the rule announced by the Supreme Court of Ohio in Davis, supra. In her first issue, appellant contends that where the law changes during the pendency of litigation and she tries to amend her complaint, but is barred, then the Davis rule cannot apply. In her second issue, appellant argues that appellees waived the argument that she was collaterally estopped from asserting her spoliation claim in state court when they agreed that the federal settlement expressly did not cover the already pending state claims.
 {¶ 29} In Davis, supra, at 491, the Supreme Court of Ohio held that:
 {¶ 30} "We stated in Smith v. Howard Johnson Co., Inc.
(1993), 67 Ohio St.3d 28, 29, * * * that spoliation claims `may be brought at the same time as the primary action.' `May' is permissive. Had we intended for all spoliation claims to be brought at the same time as the primary action we would have chosen `must' or `shall.' We did not. To clarify Smith, today we hold that claims for spoliation of evidence may be brought after the primary action has been concluded only when evidence of spoliation is not discovered until after the conclusion of the primary action."
 {¶ 31} In the instant matter, with respect to appellant's first issue, we agree with the trial court that the rule inDavis, supra, is applicable here. Davis was decided on October 31, 2001. In December 2001, appellant sought to amend her complaint in the federal case to add a cause of action relating to public records removal and/or destruction pursuant to R.C.149.351. Appellant then filed a notice of revised proposed first amended complaint, adding a claim for relief based upon appellees' tortious destruction or interference with evidence. According to the December 27, 2001 federal court's memorandum opinion and order in appellant's federal case, the federal court stated that the parties have completed discovery and it issued an order with respect to summary judgment. The federal court noted that a jury trial was scheduled for January 14, 2002, only thirty days from the date on which appellant filed the instant motion. The federal court determined that appellant failed to demonstrate any justification for seeking such an amendment, eight months after the April 16, 2001 discovery deadline. The federal court denied appellant's motion and held that "[w]hile [appellant] fails to address the newly proposed [spoliation claim] in her motion, the following analysis applies with equal force to [that claim] as well as [appellant's] section [149.351] claim." Accordingly, appellant did not bring a spoliation claim in the federal case.
 {¶ 32} Appellant's claim for spoliation of evidence was based on information known to her during the pendency of her now settled federal case. Pursuant to Davis, supra, which clarifiedSmith, supra, appellant was required to bring her claim for spoliation of evidence in a timely manner in her then pending federal case. Because she failed to do so, the trial court correctly held that appellant was barred from bringing this claim in the present case. Appellant's first issue is without merit. As such, appellant's second issue that appellees waived and should be estopped from arguing that appellant's spoliation of evidence claim had to be brought in the federal case is not well-taken. Thus, appellant's second assignment of error is without merit.
 {¶ 33} In her third assignment of error, appellant alleges that the trial court erred in holding that she could not maintain her claim for spoliation of evidence because she was not able to show some proof of willful destruction of evidence by appellees. Appellant stresses that whether the disappearance of the documents was willful under the circumstances of this case requires the fact-finding province of a jury.
 {¶ 34} This court stated in Drawl v. Cornicelli (1997),124 Ohio App.3d 562, 566, that:
 {¶ 35} "[t]o recover on a claim for interference with or destruction of evidence (also referred to as spoliation of evidence), a plaintiff must prove all of the following elements:
 {¶ 36} "`(1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts * * *.' Smith, [supra, at 29.]" (Emphasis sic.) We concluded that "the tort of interference with or destruction of evidence requires a showing of a willful (i.e., wrongful) destruction, alteration or concealment of evidence." Drawl, supra, at 568. (Emphasis sic.)
 {¶ 37} In the case sub judice, the trial court stated in its December 3, 2003 judgment entry that: "[t]he evidence establishes that two stacks of documents were in [Hoover's] office, and after three months of absence, they were gone. No Civ.R. 56(C) evidence is offered connecting [Kaley] or his employees with any `willful destruction' of evidence. Thus, [appellant's] claim for spoliation of evidence against these [appellees] must fail." We agree.
 {¶ 38} Again, appellant testified that she believed that Kaley knew where the documents were, and that Hoover might have shredded them. However, appellant admitted that she had no evidence to support either of her beliefs, except for the verbal report of others that Hoover had been shredding some unspecified documents before leaving PCSD in December 1998. We must note that the shredded documents were never identified as the documents missing from Hoover's office. Furthermore, appellant stated that she did not have any information or evidence that Kaley instructed anyone to destroy the documents. In addition, the evidence indicates that efforts were made by appellees to locate the subject documents. Appellant fails to demonstrate any credible evidence that appellees wrongfully spoliated any documents. Thus, pursuant to Drawl, supra, appellant did not show that appellees willfully destroyed, altered, or concealed any evidence. As such, appellant did not meet her burden under Civ.R. 56(C). Therefore, appellant's third assignment of error is without merit.
 {¶ 39} In her fourth assignment of error, appellant argues that the trial court erred when it ruled that neither the commissioners, Keiper, Smeiles, and Chandler, nor Kaley individually as well as in his official capacity, were subject to suit. In her first issue, appellant stresses that as representatives of the county, the commissioners and/or Kaley in his official capacity are sui juris for both of appellant's claims. In her second issue, appellant contends that it is a jury question whether Kaley may be found liable for violating R.C.149.351 and the tort of spoliation in his individual capacity.
 {¶ 40} A sheriff's department is not a legal entity subject to suit. Rhodes v. McDannel (C.A.6, 1991), 945 F.2d 117, 120. See, also, Richardson v. Grady (Dec. 18, 2000), 8th Dist Nos. 77381 77403, 2000 Ohio App. LEXIS 5960, at 6 (city police department is not sui juris); Ferrell v. Windham Twp. PoliceDept. (Mar. 27, 1998), 11th Dist. No. 97-P-0035, 1998 Ohio App. LEXIS 1269, at 1 (village police department is not a legal entity capable of suing or being sued).
 {¶ 41} In the instant case, the trial court stated in its judgment entry that:
 {¶ 42} "[R.C. 149.351] is plain that each public office is responsible for its own records. If such records are unlawfully removed, destroyed, etc., then the elected official responsible for that office, or the public office, if sui juris, is subject to the specified sanctions.
 {¶ 43} "Here, the public records at issue are those of the Sheriff's Department. [Kaley], as the responsible public official, is subject to sanctions under the statute if his departmental records have been unlawfully removed, destroyed, etc. The [c]ommissioners, however, have no responsibility under the Revised Code for keeping the records of promotional examinations conducted by the Sheriff's Department. Thus, the [c]ommissioners are not subject to suit for removal, destruction, etc., of [Kaley's] public records under R.C. 149.351."
 {¶ 44} "* * *
 {¶ 45} "Kaley, in his capacity as an individual as opposed to that of Sheriff, has no independent responsibility for the records of the Sheriff's Department under R.C. 149.351."
 {¶ 46} We agree.
 {¶ 47} Based on Rhodes, Richardson, and Ferrell, supra, the trial court correctly held that PCSD is not sui juris. Also, as previously addressed, appellant failed to meet her burden under Civ.R. 56(C) that Keiper, Smeiles, Chandler, and Kaley were involved in any manner with the documents at issue. Again, the trial court properly determined that there was no evidence connecting appellees to the destruction or interference with any public records or the spoliation of any documents. Appellant offered no credible evidence that Keiper, Smeiles, and Chandler, as well as Kaley, both in his official capacity and individually, willfully destroyed or spoiled any documents. As such, appellees are not subject to suit. Thus, appellant's first and second issues are not well-taken. Appellant's fourth assignment of error is without merit.
 {¶ 48} For the foregoing reasons, appellant's assignments of error are not welltaken. The judgment of the Portage County Court of Common Pleas is affirmed.
O'Neill, J., Nader, J., Ret., Eleventh Appellate District, sitting by assignment. concur.
[1] Kaley is the Sheriff of Portage County, and Keiper, Smeiles, and Chandler were Portage County Commissioners.
[2] Appellant filed the foregoing complaint during the pendency of her 1999 federal lawsuit against appellees in the United States District Court, Northern District of Ohio, Case No. 5:99 CV 2970 ("federal case"), in which she asserted claims including failure to promote and sex discrimination pursuant to Title VII of the Civil Rights Act. In December 2001, appellant sought to amend her complaint, which was denied by the federal court. Shortly before the federal trial, the parties settled the federal suit with respect to the Title VII claims.
[3] The following additions were alleged in appellant's amended complaint: Kaley was responsible for the administration of PCSD's operations including directing and overseeing the removal and destruction of records; Linda Hoover ("Hoover"), Personnel Director of PCSD, shredded numerous documents at the direction of Kaley; Kaley acted beyond his authority in directing the public records and documents to be removed and/or destroyed; and the missing records relating to the Sergeant's promotion were removed and/or destroyed.
[4] Although appellant did not interview with Kaley, she interviewed with other individuals, including Hoover. A male candidate was ultimately selected for the position.