DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Arch J. McCartney, appeals from the Summit County Court of Common Pleas, which issued a judgment enforcing a prior order of this Court. This Court affirms.
 I. {¶ 2} Appellant had invested $520,000 to purchase stock in Universal Electric Power Corp. (UEPC). The money was paid to Bruce D. Feltenberger, as the company representative, and at least some of the money was diverted to UEP Holdings, Inc. (UEPH). Feltenberger, UEPC and UEPH are the Appellees. When the sale was later determined to be unlawful, the Appellees had offered to rescind the transaction and return Appellant's money. Appellant accepted this offer, but Appellees never returned the money. Appellant sued and obtained a partial judgment, from which both sides appealed to this Court. See McCartney v. Univ. Elec.Power Corp., 9th Dist. No. 21643, 2004-Ohio-959. This Court affirmed in part, reversed in part, and remanded for further proceedings. Id. at ¶ 19.
 {¶ 3} On remand, the trial court construed its instruction as being, "to issue a judgment entry consistent with [the Ninth District Court of Appeals'] opinion." Without further inquiry, the trial court followed the opinion of this Court and ordered that: (1) Appellant was not entitled to recover for fraud, alter ego, or pursuant to R.C. Chapter 1707, because they had not been pled to the trial court; and (2) Appellant was not entitled to recovery from UEPH, because UEPH was not a party to the rescission contract. The trial court concluded that, with the filing of the order, all issues had been resolved and no claims remained pending. Appellant timely appealed, asserting three assignments of error for review.
 II. A. ASSIGNMENT OF ERROR I
"The trial court erred in failing to conduct further proceedings consistent with the court of appeals' remand for `. . . proceedings consistent with [its] opinion.'"
 {¶ 4} Appellant alleges that the trial court was obligated on remand, by the language of this Court's prior opinion, to conduct further inquiry into the propriety of his previously-filed motion to amend his pleadings. Essentially, Appellant argues that this Court's failure to enter judgment as a matter of law dictates that the trial court must actually conduct further hearing, motion practice, or trial and reconsider his motion to amend his pleading before reaching a decision on any matters dependant on the outcome of that motion. This Court disagrees.
 {¶ 5} This Court has recently addressed this very situation, and found the same argument without merit:
"When this Court, as is its customary practice, remands a case for further proceedings, this does not necessarily mean that we order some sort of hearing to be held upon remand. Rather, this language simply designates that the case is to return to the trial court to `take further action in accordance with applicable law.'" State v. Pendergrass, 9th Dist. No. 04CA008437, 2004-Ohio-5688, at ¶ 10, quoting Chapman v. OhioState Dental Bd. (1986), 33 Ohio App.3d 324, 328.
In the present case, the trial court acted in accordance with applicable law, essentially upholding and relying upon its previous denial of Appellant's motion, applying this Court's ruling to that decision, and entering judgment accordingly. Appellant's first assignment of error is overruled.
 B. ASSIGNMENT OF ERROR II
"The trial court erred in entering judgment that `. . . all issues have been resolved in this litigation and no claims remain pending.'"
 {¶ 6} Appellant alleges that the trial court improperly failed to exercise its discretion to reconsider, and thereafter grant, his motion to amend his pleading to include his claims of fraud, alter-ego and R.C. Chapter 1707 violations. This Court disagrees.
"[T]he decision whether to grant a motion for leave to amend a pleading under Civ.R. 15(A) is within the discretion of the trial court. However, the language of Civ.R. 15(A) favors a liberal amendment policy and a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party." Hoover v.Sumlin (1984), 12 Ohio St.3d 1, 6.
As this decision on the grant or denial of amended pleading is within the discretion of the trial court, we will not overturn such a decision but upon a finding of abuse of discretion. See id. An abuse of discretion is more than an error of law or judgment; it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219. Under this standard, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 7} Because the present case had been previously litigated, tried to the bench, decided and appealed, the trial court judge was in the best position to determine whether to allow the amended pleadings after reinstitution of the case on remand. We cannot conclude that the trial court abused its discretion in choosing not to do so. This assignment of error is overruled.
 C. ASSIGNMENT OF ERROR III
"The trial court erred in denying plaintiff's motion to consolidate on the basis that it had `. . . been directed by the ninth district court of appeals to carry [the appellate court's] judgment into execution."
 {¶ 8} Appellant alleges that the trial court erred by denying his motion to consolidate his two pending cases on the basis that it was effectuating a remand and carrying the judgment into execution. Appellant reemphasizes his two prior arguments, that the trial court was required to conduct further proceedings on remand and obligated to grant his motion to amend his pleadings, to argue that denial of his motion to consolidate must have been improper. This Court disagrees.
 {¶ 9} Because we disagree with Appellant's two prior arguments, we find no merit in this final argument. That is, the trial court was not required to conduct further proceedings and the trial court did not err in refusing to amend the pleadings; therefore, the trial court was within its proper authority in refusing to consolidate the cases and, rather, resolving this case on the basis of this Court's prior decision. SeeNolan v. Nolan (1984), 11 Ohio St.3d 1, 4 (holding that a trial court cannot go beyond the appellate court mandate after remand). Appellant's third assignment of error is overruled.
 III. {¶ 10} Appellant's assignments of error are overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J. Batchelder, J. Concur.