DECISION AND JOURNAL ENTRY
{¶ 1} Arch J. McCartney appeals from the Summit County Court of Common Pleas, which granted summary judgment to appellees Universal Electric Power Corp. (UEPC), Universal Electric Power Holdings, Inc. (UEPH), Bruce D. Feltenberger, Ronald Feltenberger and Robert M. Humphrey. Mr. Humphrey cross-appeals a denial of summary judgment on different grounds. We affirm.
 I. {¶ 2} Bruce and Ronald Feltenberger were the founders and principal officers of both UEPC and UEPH. UEPC was a going concern. UEPH was a holding company, maintained for the limited purpose of holding UEPC stock. Robert Humphrey was legal counsel to UEPC. Mr. McCartney was an outside investor.
 {¶ 3} Mr. McCartney paid $520,000 to purchase stock in UEPC, of which $200,000 was diverted to UEPH. When the UEPC stock sale was later determined to be unlawful, the Feltenbergers, acting on behalf of UEPC and UEPH, offered to rescind the transaction and return Mr. McCartney's money. Mr. McCartney accepted this offer, but the money was not returned. Mr. McCartney sued and obtained a partial judgment, from which both sides appealed. See McCartney v. Univ. Elec. Power Corp., 9th Dist. Nos. 21643 21644, 2004-Ohio-959. This Court affirmed in part, reversed in part, and remanded for further proceedings. Id. at ¶ 19. Further appeal to the Ohio Supreme Court was denied. McCartney v. Universal Elec.Power Corp., 102 Ohio St.3d 1533, 2004-Ohio-3580.
 {¶ 4} On remand, the trial court issued an order consistent with our opinion. Mr. McCartney appealed again and we affirmed. See McCartney v.Univ. Elec. Power Corp., 9th Dist. No. 22339, 2005-Ohio-1636, at ¶ 10. Ultimately, Mr. McCartney obtained a judgment against UEPC for $520,000 based on conversion, while all other claims and parties were exonerated.
 {¶ 5} Meanwhile, Mr. McCartney filed the lawsuit underlying this appeal, which asserted conversion against the Feltenbergers personally and R.C. Chapter 1707 violations against all parties. Mr. Humphrey moved for summary judgment based on the statute of limitations and statutory immunity for attorneys under R.C. 1707.431. In an order dated November 12, 2003, the trial court denied the statute of limitations claim but granted summary judgment on the statutory immunity basis. Mr. McCartney moved for relief from judgment of the November 12, 2003 order under Civ.R. 60(B)(2), while the defendants moved to dismiss McCartney's entire suit based on res judicata. In an order dated October 28, 2004, the trial court denied Mr. McCartney's Civ.R. 60(B) motion, converted the defendants' motion to dismiss into a motion for summary judgment, and granted summary judgment to all the remaining defendants on res judicata grounds.
 {¶ 6} Mr. McCartney timely appealed, asserting three assignments of error for review. Mr. Humphrey cross-appealed, asserting a single assignment of error. We address each assignment of error in turn.
 II. A. First Assignment of Error
"THE TRIAL COURT ERRED WHEN IT DETERMINED THAT HUMPHREY WAS ENTITLED TO THE BENEFIT OF R.C. 1707.431 ATTORNEY IMMUNITY FROM FRAUD IN THE SALE OF SECURITIES."
 {¶ 7} Mr. McCartney alleges that the trial court erred in granting summary judgment based on R.C. 1707.431 because Mr. Humphrey failed to prove his actions were incidental to his role as legal counsel. We disagree.
 {¶ 8} On review, an appellate court considers a grant or denial of summary judgment de novo, viewing the facts as most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105; Norrisv. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1, 2. Summary judgment is proper if there is no genuine dispute of a material fact so that the issue is a matter of law and reasonable minds could come to but one conclusion, that being in favor of the moving party. Civ.R. 56(C); Templev. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 9} Under R.C. 1707.431, an attorney "whose performance is incidental to the practice of the person's profession" "shall not be deemed to have effected, participated in, or aided the seller in any way in making a sale or contract of sale in violation of [R.C.] 1707.01 to 1707.45." This immunizes attorneys acting as legal counsel, and not as salesmen, from R.C. 1707 securities fraud liability. See, also, Leeth v.Decorator's Mfg., Inc. (1979), 67 Ohio App.2d 29, syllabus.
 {¶ 10} Even construing Mr. McCartney's allegations fully in his favor, Mr. Humphrey was acting as legal counsel to UEPC and his conduct was incidental to such practice. Mr. McCartney alleges that Mr. Humphrey prepared the securities note, counseled his clients, and spoke with Mr. McCartney on behalf of his clients, UEPC and UEPH. This is conduct incidental to the practice of law. Mr. McCartney also acknowledges that the promotion and sale of UEPC was conducted by Mr. Feltenberger, and Mr. Humphrey never spoke with Mr. McCartney until after the sale had been completed. Therefore, even accepting Mr. McCartney's allegations, we conclude that Mr. Humphrey is immune from R.C. 1707 liability pursuant to R.C. 1707.431. This assignment of error is overruled.
 B. Second Assignment of Error
"THE TRIAL COURT ERRED WHEN IT BARRED McCARTNEY'S SECOND SUIT, CHARGING THE SAME OLD, AND SOME NEW, DEFENDANTS ON A NEW THEORY OF LIABILITY."
 {¶ 11} Mr. McCartney alleges that the trial court erred in granting summary judgment to UEPC, UEPH and the Feltenbergers on the basis of res judicata. Specifically, Mr. McCartney contends that because he attempted to amend his complaint in the first proceeding and was forbidden from doing so, that it would be unfair and unjust to bar him from asserting that claim now. We disagree.
 {¶ 12} "Under the doctrine of res judicata, a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." (Internal quotations and edits omitted.)Kirkhart v. Keiper, 101 Ohio St.3d 377, 2004-Ohio-1496, at ¶ 5, citingGrava v. Parkman Twp., 73 Ohio St.3d 379, 1995-Ohio-331, syllabus. Otherwise stated, "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or mighthave been litigated in a first lawsuit[;] * * * a plaintiff [must] present every ground for relief in the first action, or be forever barred from asserting it." (Emphasis in original; internal quotations omitted.)Grava, 73 Ohio St.3d at 382. Thus, as a general rule, if we find that these two claims arose from the same transaction, then the prior claim bars this second claim arising from that same transaction. See id. at syllabus. A transaction is defined as a "common nucleus of operative facts," id. at 382, and "a party cannot escape the rule of res judicata
through expansive pleading." (Quotations omitted.) Kirkhart at ¶ 13. In its order dated October 28, 2004, the trial court compared Mr. McCartney's two complaints, found that the transaction in question for both cases was the sale of the stock, and concluded that "this case clearly arises from the same transaction or occurrence."
 {¶ 13} On appeal, Mr. McCartney cites Davis v. Wal-Mart Stores, Inc.,93 Ohio St.3d 488, 491, 2001-Ohio-1593, for the proposition that res judicata is to be limited or prohibited by considerations of fairness and justice.[1] However, Mr. McCartney's reliance is misplaced. The Davis
Court denied res judicata because the two claims did not arise from the same transaction or occurrence. Id. at 490. The second claim (spoliation of evidence) arose from the defendant's conduct during the litigation of the first claim, not from "a common nucleus of operative facts." Id. In the present case, there is no dispute that the two claims arose from the same transaction — the sale of UEPC stock.
 {¶ 14} In this subsequent case, Mr. McCartney again claims conversion and R.C. 1707 violations. He claims conversion against UEPC, UEPH and both Bruce and Ronald Feltenberger. As to UEPC, UEPH and Bruce Feltenberger, this claim was fully resolved in the prior case and prior appeal. See McCartney v. Univ. Elec. Power Corp., 9th Dist. Nos. 21643 
21644, 2004-Ohio-959. As to Ronald Feltenberger, Mr. McCartney couldhave made that claim in the prior case, but never did. Mr. McCartney claims R.C. 1707 violations against UEPC, UEPH, both Feltenbergers, Mr. Humphrey and 15 John Does. As to UEPC, UEPH, Ronald Feltenberger, Mr. Humphrey and the 15 John Does, Mr. McCartney could have made such claims in the prior case, but never did. Res judicata bars all of these claims, which could have been asserted previously but were not. See Grava,
73 Ohio St.3d at syllabus. This leaves only the R.C. 1707 claim against Bruce Feltenberger and the question of whether it would be unfair to bar it now when the trial court denied his motion to amend to assert it before.
 {¶ 15} Notably, the portion of the Davis opinion regarding fairness and injustice is dicta. See id. at 491. Conveniently, Justice Cook points this out in her dissent: "[On remand], the trial court need not interpret the majority's dicta as a holding by this court * * *." See id. at 495-96 (Cook, J., dissenting) (citing the paragraph on unfairness and injustice). However, as discussed elsewhere:
"[Plaintiff] argues that barring the present action would be unfair. However, he had a full and fair opportunity to present his case * * *. Absent changed circumstances, refusing to allow [a plaintiff] to use an alternate legal theory overlooked in the previous proceedings does not work an injustice. Instead, by providing parties with an incentive to resolve conclusively an entire controversy involving the same core of facts, such refusal establishes certainty in legal relations and individual rights, accords stability to judgments, and promotes the efficient use of limited judicial or quasi-judicial time and resources. The instability that would follow the establishment of a precedent for disregarding the doctrine of res judicata for `equitable' reasons would be greater than the benefit that might result from relieving some cases of individual hardship." Grava, 73 Ohio St.3d at 383-84.
Thus, the Ohio Supreme Court has not promoted the disregard of res judicata due to unfairness or injustice.
 {¶ 16} McCartney v. Univ. Elec. Power Corp., 9th Dist. No. 21643, 2004-Ohio-959, summarizes the prior case. Mr. McCartney paid Bruce Feltenberger to purchase stock in UEPC. Later, Mr. Feltenberger offered to rescind the transaction and return the money. Mr. McCartney accepted, but the money was not returned. Mr. McCartney sued UEPC and UEPH for breach of contract and later amended the complaint to add claims for conversion. At the start of trial, Mr. McCartney moved to amend the complaint again, to assert personal liability to Mr. Feltenberger for alter ego (piercing the corporate veil) and R.C. 1707 fraud. The trial court denied this motion. Mr. McCartney moved to amend the complaint again after trial, but was also denied. Ultimately, the trial court found UEPC and UEPH jointly and severally liable for fraud under R.C. 1707 and conversion of $520,000 but dismissed the personal claims against Mr. Feltenberger.
 {¶ 17} On appeal, this Court found that claims of fraud, alter ego and R.C. 1707 violation had not been properly pled or proven, and could not be tried or remedied. The original complaint had claimed only breach of contract and the amended complaint had claimed only conversion. This Court reversed the trial court by holding that neither UPEC nor UEPH could be liable for R.C. 1707 fraud, but affirmed the trial court in ruling that Mr. Feltenberger was free from liability. Finally, this Court exonerated UEPH of conversion by finding the record devoid of evidence that UEPH was party to the rescission offer.
 {¶ 18} On remand, the trial court entered judgment consistent with that opinion. Mr. McCartney appealed and this Court affirmed. McCartneyv. Univ. Elec. Power Corp., 9th Dist. No. 22339, 2005-Ohio-1636, at ¶ 10. Mr. McCartney assigned as error the trial court's failure to grant his motion to amend his pleadings.[2] This Court explained that the denial of a motion to amend pleadings is within the trial court's discretion. Specifically:
"Because the present case had been previously litigated, tried to the bench, decided and appealed, the trial court judge was in the best position to determine whether to allow the amended pleadings after reinstitution of the case on remand. We cannot conclude that the trial court abused its discretion in choosing not to do so." Id. at ¶ 7.
Thus, the second motion to amend has been resolved to finality.
 {¶ 19} Mr. McCartney could have asserted this R.C. 1707 claim against Mr. Feltenberger at the outset of the prior case, in either his original complaint or his first amended complaint. Mr. McCartney's failure to do so was an error of his own making. The trial court's refusal to allow additional claims on the eve of trial does not change this basic premise. We find that res judicata applies to this claim: "a plaintiff [must] present every ground for relief in the first action, or be forever barred from asserting it." Grava, 73 Ohio St.3d at 382. Furthermore, under these circumstances, we do not feel that this imposes unfairness or injustice upon Mr. McCartney. This assignment of error is overruled.
 C. Third Assignment of Error
"THE TRIAL COURT ERRED WHEN, HAVING DETERMINED THAT HUMPHREY WAS IMMUNE FROM STOCK FRAUD (R.C. 1707.431), IT DID NOT CONSIDER THAT HE WAS ALSO CHARGED WITH CONVERSION PRIOR TO DISMISSING HIS [sic] AS A PARTY."
 {¶ 20} Mr. McCartney alleges that the trial court erred in granting summary judgment to Mr. Humphrey, even if he was immune from R.C. 1707 liability, because he was also charged with conversion. We disagree.
 {¶ 21} In the complaint that initiated the present lawsuit, Mr. McCartney did not charge Mr. Humphrey with conversion. Therefore, this assignment of error is unfounded. It is evident from a plain reading of the complaint that Mr. McCartney charged UEPC, UEPH, the Feltenbergers, Mr. Humphrey and 15 some odd John Does with violations of R.C. 1707. And, although not evident, it may reasonably be inferred from that complaint that Mr. McCartney charged UEPC, UEPH and the Feltenbergers with conversion. However, we find no way, reasonable or unreasonable, to read Mr. McCartney's complaint so as to charge Mr. Humphrey with conversion.
 D. Cross-Assignment of Error
"THE TRIAL COURT ERRED WHEN IT DENIED ROBERT M. HUMPHREY, ESQ.'S MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS GROUNDS."
 {¶ 22} Mr. Humphrey attempted to file a cross appeal. While an appellee need not file a separate appeal to pursue a cross-appeal, that appellee/cross-appellant must still comply with the appellate rules and timely file the cross appeal with the trial court, just as an appeal must be timely filed with the trial court. See App.R. 3(C)(1); Loc.R. 1(B)(3) 2(A). If it has not been filed with the trial court, the cross-appeal has not been perfected, this court lacks jurisdiction and the case must be dismissed. We find that Mr. Humphrey did not file his cross-appeal with the trial court. Accordingly, Mr. Humphrey's cross-appeal is dismissed.
 III. {¶ 23} Mr. McCartney's assignments of error are overruled. Mr. Humphrey's cross-appeal is dismissed. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Carr, J. concur.
[1] Mr. McCartney also argues that the present circumstances do not meet the elements of issue preclusion (i.e., collateral estoppel). This is irrelevant because this is not an issue preclusion case. Mr. McCartney's inability to distinguish claim preclusion from issue preclusion does not compel us to address his issue preclusion argument.
[2] Mr. McCartney also assigned two other errors, both of which were found to be without merit. Mr. McCartney's second assignment of error, as discussed in the text above, is the only one pertinent to this opinion.