[Cite as *Elliott-Thomas v. Smith*, 2017-Ohio-702.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| KRISTEN ELLIOTT-THOMAS, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2015-T-0007** |
| DAVID KANE SMITH, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2013 CV 02160.

Judgment: Affirmed in part; reversed in part and remanded.

*Frank Consolo*, Consolo Law Firm, Ltd., 212 Hoyt Block, 700 West St. Clair Avenue, Cleveland, OH 44113 (For Plaintiff-Appellant).

*D. Cheryl Atwell*, and *Jonathan H. Krol*, Remington Co., LPA, 101 West Prospect Avenue, Suite 1400, Cleveland, OH 44115-1093 (For Defendants-Appellees, David Hirt and David Kane Smith).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Kristen Elliot-Thomas "Kristen," timely appeals the trial court's orders granting summary judgment against her and granting a protective order prohibiting her from taking certain discovery depositions. She argues that the trial court improperly limited her tortious interference with or destruction of evidence claims; that the trial court improperly precluded her counsel from taking discovery depositions of

defendant attorneys, who later submitted affidavits in support of their summary judgment motion; and that the trial court erred in failing to award her summary judgment. For the following reasons, we affirm in part, reverse in part, and remand.

{¶2} Kristen filed suit for tortious interference with or destruction of evidence "TIDE" against attorneys David Kane Smith and David Hirt "attorneys Smith and Hirt" and two Warren City School District Board of Education members, Regina Patterson and Rhonda Baldwin-Amorganos, individually and in their representative capacity "board members," on October 30, 2013. These claims now on appeal were pending under case number 2013 CV 02160 "TIDE case."

{¶3} Kristen's complaint asserts that each defendant intentionally concealed, altered, hid and/or destroyed evidence in connection with her wrongful termination and sexual discrimination suit against the Warren City School District "WSD." This separate suit "wrongful termination case" was initially pending in the Trumbull County Court of Common Pleas under case 2012 CV 01801. Attorneys Smith and Hirt represented the Warren City School District, its Board of Education, and its five board members in the initial wrongful termination case. Kristen voluntarily dismissed her wrongful termination case without prejudice on October 24, 2014. She re-filed it December 1, 2014.

{¶4} In the TIDE case, attorneys Smith and Hirt and the board member defendants sought summary judgment, and Kristen filed a cross-motion for summary judgment. The trial court awarded summary judgment and dismissed all of Kristen's claims with prejudice. It held that all of her claims lacked merit because she was unable to establish that any of the defendants *physically destroyed* evidence, and it concluded that the allegations were discovery disputes arising in her wrongful termination case. It

also found that the board members were entitled to immunity and that they did not act willfully. Thus, it granted summary judgment to attorneys Smith and Hirt and the board members, and it denied Kristen's cross-motion for summary judgment.

{¶5} After the parties fully briefed the issues on appeal, we granted a partial motion to dismiss Kristen's appeal against appellees Regina Patterson and Rhonda Baldwin-Amorganos only. Kristen's appeal against David Kane Smith and David Hirt was not dismissed. Thus, we only address the issues concerning Kristen's claims against attorneys Hirt and Smith.

{¶6} Kristen's remaining assignments of error assert:

{¶7} "The trial court committed prejudicial error in granting the motions of summary judgment of the Attorney Appellees based on its opinion that in order to establish a cause of action for spoliation Appellant must show that evidence was actually destroyed, which opinion conflicts with the *11th Appellate Dist*rict's holding in *Drawl v. Cornicelli*, 124 Ohio App.3d 562 (11th App. Dist. 1997) which does not limit a cause of action for spoliation to one for destruction of evidence but also for interference with and concealment of evidence. *(T.d. 42, paragraphs 4, 7, 11 and 12).*

{¶8} "The trial court committed prejudicial error in granting a protective order prohibiting Appellant from taking the depositions of Attorney Appellees (T.d. 28) and then relying on their affidavits as a basis for granting their motion for summary judgment. *(T.d. 42, paragraph 5).*

{¶9} "The trial court committed prejudicial error in denying Appellant's motion for summary judgment since material facts were not in dispute and judgment in her favor was warranted as a matter of law. *(T.d. 42, paragraph 13)."*

3

{¶10} An appellate court reviews a trial court's decision granting a motion for summary judgment under a de novo standard and with no deference to the trial court's decision. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241 (1996). Pursuant to Civ.R. 56(C), summary judgment is proper when the moving party establishes the absence of a genuine issue of material fact for trial. The moving party must first identify evidence of the type set forth in Civ.R. 56(C) that affirmatively demonstrates the nonmoving party cannot prove her claims. "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 1996-Ohio-107, 662 N.E.2d 264 (1996).

{¶11} For ease of analysis, we address Kristen's second assignment of error first. Kristen argues the trial court committed prejudicial error in granting a blanket protective order prohibiting her from taking the depositions of attorneys Smith and Hirt and then accepting and relying on their affidavits in granting their motion for summary judgment. We review a trial court's decision granting or denying a protective order for an abuse of discretion. *Ruwe v. Bd. Of Twp. Trustees Springfield Twp.*, 29 Ohio St.3d 59, 61, 505 N.E.2d 957 (1987). An abuse of discretion is more than an error of law or judgment; instead, it connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

4

{¶12} In July 2014, attorneys Smith and Hirt moved the trial court in the TIDE suit for a protective order seeking to preclude Kristen from taking their discovery deposition until after the underlying case was resolved. They claimed that because Kristen's TIDE allegations were based on their representation of the board members and school district in the wrongful termination case, the depositions would invade the protections of the attorney-client privilege and work product doctrine. They failed, however, to set forth any law in support of their claimed privilege and instead focused their attention on the assertion that Kristen's TIDE suit was improperly founded on discovery disputes in the underlying case. Notwithstanding, the trial court granted their request and limited Kristen's discovery to written requests. It thereafter, however, accepted the affidavits of attorneys Smith and Hirt attached to their motion for summary judgment less than two months later, which it subsequently granted.

{¶13} Civil Rule 26(C) governs the issuance of protective orders and permits a trial court, for good cause shown, to grant a protective order to protect a party. The order can mandate that the requested discovery not be had or can order that certain discovery only take place on specified terms, and/or that discovery be limited to only certain matters.

{¶14} R.C. 2317.02(A)(1) sets forth the attorney-client privilege and states in part: "The following persons shall not testify in certain respects: *  * * An attorney, concerning communication made to the attorney by a client in that relation or concerning the attorney's advice to a client * * *." The Ohio Supreme Court has defined work product as "'documents and tangible things prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative * * *." *Boone*

5

*v. Vanliner Ins. Co.*, 91 Ohio St.3d 209, 744 N.E.2d 154, fn. 2 (2000). The work-product doctrine is designed "to prevent an attorney from taking undue advantage of his adversary's industry or efforts." *Id.* citing Civ.R. 26(A)(2).

{¶15} In *Kirtos v. Nationwide Ins. Co.*, 7th Dist. Mahoning No. 07-MA-97, 2008-Ohio-870, the trial court denied an attorney's motion for a protective order that sought to prohibit opposing counsel from taking her deposition. She was counsel of record. The court of appeals affirmed the denial of the protection order explaining that "since Nationwide seeks to question [the attorney] regarding her settlement negotiations [in the underlying case], it is possible that some of the information it is seeking is protected by the work-product doctrine. However, [the attorney] will have an opportunity to assert the attorney-client and work-product protections if and when Nationwide asks her questions regarding information that she believes is protected. At the time of her deposition, [the attorney] can object and the matter will be left to the trial court to rule on." *Id.* at ¶25.

{¶16} Here Kristen wants to depose attorneys Smith and Hirt about the delays in their producing the discovery in the underlying wrongful termination suit as well as whether they personally hid, concealed, or destroyed documents and/or evidence that was otherwise requested in the underlying suit. Kristen likewise wants to inquire as to counsels' instructions to the WSD human resources director regarding her failure to comply with the subpoena for her deposition, and other facts surrounding Kristen's TIDE claims. As in *Kirtos,* questions will undoubtedly arise at the attorneys' depositions in which the work-product doctrine or the attorney-client privilege is implicated. Counsel should raise the objection and preserve the matter for the trial court to rule on at that point.

{¶17} Standing alone, the trial court's order limiting discovery of attorneys Smith and Hirt to requests for production of documents and interrogatories is not unreasonable or unconscionable. However, this limitation coupled with the fact that the trial court subsequently accepted and relied on attorney Smith's and Hirt's affidavits in awarding summary judgment in their favor constitute an abuse of discretion. The blanket protective order was overly broad. As in *Kirtos*, the attorney deponents will have an opportunity to assert the attorney-client and work-product protections if and when they are asked questions regarding information that they believe is protected. At the time of deposition, attorneys Smith and Hirt can object and the matter will be left for the trial court to rule on. Accordingly, Kristen's second assignment of error has merit. On remand, Kristen must be afforded an opportunity to secure attorney Smith and Hirt's depositions.

{¶18} Kristen's first assignment of error asserts that the trial court misinterpreted and misapplied the third element of tortious interference with evidence in granting summary judgment against her. The Ohio Supreme Court has identified the four elements of a claim for tortious interference with or destruction of evidence "TIDE," also referred to as spoliation of evidence. A plaintiff must prove:

{¶19} "(1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts * * *." *Smith v. Howard Johnson Co.*, 67 Ohio St.3d 28, 29, 615 N.E.2d 1037 (1993), citing *Viviano v. CBS, Inc.*, 251 N.J.Super. 113, 126, 597 A.2d 543, 550 (1991).

7

**{¶20}** The first two elements of TIDE are not in issue. It is undisputed that each of the defendants in Kristen's TIDE suit was aware of her wrongful termination case since each was a named defendant or counsel of record. The third and fourth elements are in issue.

**{¶21}** In order to satisfy the third TIDE element, a party must establish the defendants intended to destroy the evidence and that the destruction was wrongfully committed to disrupt the plaintiff's case. "The concept of 'willfulness' includes not only an intentional commission of the act, but also contemplates a *wrongful* commission of the act.'" (Emphasis sic.)(Citation omitted.) *Drawl v. Cornicelli*, 124 Ohio App.3d 562, 567, 706 N.E.2d 849 (11th Dist. 1997). Willfulness encompasses an act that is done "'voluntarily and intentionally and with the specific intent to do something the law forbids * * * [or] with bad purpose * * *.'" (Citation omitted.) *Id.* The parties do not dispute the plaintiff's burden as to this requisite showing of willful intent.

**{¶22}** Accordingly, TIDE claims cannot be based on negligence. *Smith* supra; *Bell v. Cleveland*, N.D.Ohio No. 1:07CV3224, 2009 U.S. Dist. LEXIS 20650, *7 (March 3, 2009). Thus, to the extent that Kristen asserts TIDE claims based on negligence, these claims fail. *Id.*

**{¶23}** However, the parties adamantly disagree as to what constitutes "the destruction of evidence by defendant designed to disrupt the plaintiff's case." This is the basis for Kristen's first assignment of error. Kristen asserts that TIDE includes the intentional *interference* with evidence as well as the destruction of physical evidence. Whereas attorneys Smith and Hirt allege that a TIDE claim fails as a matter of law without the actual destruction of *physical* evidence. A review of Ohio law reveals that

8

this issue has not been directly addressed by the Ohio Supreme Court. However, in *Smith v. Howard Johnson Co.*, 67 Ohio St.3d 28, 29, 615 N.E.2d 1037 (1993), the Ohio Supreme Court addressed certified questions regarding whether Ohio recognizes "a claim for intentional or negligent spoliation of evidence and/or tortious interference with prospective civil litigation[, and if so, w]hat are the elements of such a claim[?]" It was also asked if "such a claim exists between the parties to the primary action, may such a claim be brought at the same time as the primary claim, or must the victim of spoliation await an adverse judgment?"

**{¶24}** The Supreme Court's opinion was limited to the following:

**{¶25}** "We answer the three questions as follows: (1) A cause of action exists in tort for interference with or destruction of evidence; (2a) the elements of a claim for interference with or destruction of evidence are (1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts; (2b) such a claim should be recognized between the parties to the primary action and against third parties; and (3) such a claim may be brought at the same time as the primary action. See *Viviano v. CBS, Inc.* (1991), 251 N.J.Super. 113, 126, 597 A.2d 543, 550."

**{¶26}** As attorneys Smith and Hirt argue, numerous appellate districts have concluded that the actual destruction or alteration of *physical* evidence is a prerequisite to the survival of a TIDE claim. *O'Brien v. City of Olmsted Falls,* 8th Dist. Cuyahoga Nos. 89966 & 90336, 2008-Ohio-2658, ¶19; *Bugg v. American Standard*, *Inc.,* 8th Dist.

9

Cuyahoga No. 84829, 2005-Ohio-2613, ¶22-24; *Allstate Ins. Co. v. Qed Consultants*, 5th Dist. Knox No. 09CA14, 2009-Ohio-4896, ¶19 (holding that the Ohio Supreme Court has not extended its *Smith* holding to cases where alleged spoliation does not involve destruction or alteration of physical evidence); *McGuire v. Draper, Hollenbaugh & Briscoe Co., L.P.A.*, 4th Dist. Highland No. 01CA21, 2002-Ohio-6170, ¶81 (holding in part that no cause of action exists for interference with evidence.)

{¶27} The basis for the foregoing appellate court decisions appears to stem from the Supreme Court's use of the words "[a] cause of action exists in tort for *interference with or* destruction of evidence[,]" but then its decision not to include the words "interference with evidence" in the elements of the tort. Nonetheless, the elements as laid out by the court specify that the "willful destruction of evidence by defendant designed to disrupt the plaintiff's case" is required. Contrary to appellees' arguments and the trial court's holding, *Smith* never limits its application to cases involving the destruction of *physical* evidence. Further, none of the cases limiting *Smith's* application to matters involving the alteration or destruction of physical evidence have fully analyzed *Smith* and the sole case relied on by the Supreme Court in *Smith,* i.e*., Viviano v. CBS Inc.*, supra.

{¶28} A close examination of *Smith* and *Viviano*, does not reveal a desire by the Supreme Court to limit TIDE claims to instances or allegations in which physical evidence is destroyed or altered. Instead, the "willful destruction of evidence by defendant designed to disrupt the plaintiff's case" includes one's willful act of rendering evidence useless, such as hiding evidence. "Destruction" is defined as "the act of destroying" or "the cause or means of destroying." *Webster's II New College Dictionary,*

10

308 (1999). Whereas to "destroy" means "to ruin completely: spoil," or "to render useless or ineffective <*destroyed* the witness for the prosecution> * * *." (Emphasis sic.) *Id.* Thus, to "destroy" evidence includes not only the physical destruction of an object or thing, but also the act of nullifying or rendering evidence useless. Thus, the "willful destruction of evidence by defendant designed to disrupt the plaintiff's case," includes the alteration, interference with, or concealment of evidence if that alteration, interference, or concealment of evidence renders the evidence ineffective or useless in one's underlying case. There is simply no requirement in *Smith* mandating that the "destroyed" evidence must be physically ruined.

{¶29} This conclusion is consistent with the most thorough examination of *Smith v. Howard Johnson Co.* as set forth in *Drawl v. Cornicelli*, 124 Ohio App.3d 562, 706 N.E.2d 849 (11th Dist. 1997). *Drawl* held in part that *Smith* included acts of interference with evidence as well as the actual physical destruction of evidence. *Id.* at 852 (noting that the sole case cited by the Ohio Supreme Court in *Smith* dealt with concealment of evidence.)

{¶30} As pointed out in *Drawl,* the only case relied on by the Supreme Court in *Smith*, supra, was *Viviano v. CBS Inc.*, supra. The plaintiff in *Viviano* filed suit against her employer, CBS, Inc., and its employees who intentionally concealed a report outlining the company's investigation as to the cause of the plaintiff's on-the-job accident, which resulted in the loss of three of her fingers. She filed suit against CBS and sought discovery. Thereafter, CBS rehired her in another capacity. Viviano subsequently found the report in her personnel file that CBS had not otherwise disclosed. The report identified a defect with an electrical timer that likely resulted in

11

Viviano's injuries. The original suit against CBS was ultimately dismissed. Viviano then filed suit against the timer's manufacturer, who sought and obtained summary judgment on statute of limitations grounds. Viviano then filed suit against CBS and several of its employees asserting intentional interference with her personal injury suit based on its concealing and misrepresenting relevant facts. The suit against CBS was stayed pending the appeal from the dismissal of her suit against the manufacturer to the Supreme Court, which subsequently reversed the summary judgment award.

{¶31} Viviano then settled her suit with the manufacturer, and her TIDE suit against CBS went to trial. The jury concluded that CBS and its employees had "fraudulently concealed material discovery information and had tortiously interfered with the 'prospective economic advantages' which plaintiff had sought to gain from her personal injury suit. * * * They awarded plaintiff $65,600 compensation for the loss of interest on her personal injury settlement; $7,351.71 for expenses; and, against CBS alone, $215,000 in punitive damages." *Id*. at 120. The decision was affirmed on appeal.

{¶32} The basis for the plaintiff's TIDE claim was the concealment of a damaging report by CBS that resulted in significant delays in her suit against the timer's manufacturer. The defendants never physically destroyed or altered the report, but their intentional concealment was a sufficient basis to establish spoliation of evidence. *Id.*

{¶33} Additionally, the Ohio Supreme Court more recently addressed a TIDE claim in a discretionary appeal in which the wife of an injured worker settled her claims against her deceased husband's co-worker, but dismissed her survivor claim against Wal-Mart, her husband's employer. *Davis v. Wal-Mart Stores, Inc.*, 93 Ohio St.3d 488,

12

756 N.E.2d 657 (2001). She later "came to believe" during prejudgment interest proceedings "that Wal-Mart had withheld certain evidence and documents and that several employees of Wal-Mart had provided false or misleading testimony during their depositions in the intentional tort case." *Id.* at 489. The Ohio Supreme Court held that her tortious interference claim was not barred by res judicata. In explaining its decision, *Davis* quoted the appellate court's opinion with approval stating, "[w]e could not agree more," and that "'[c]oncealing, destroying, misrepresenting, or intentionally interfering with evidence after a workplace death does not arise from a "common nucleus of operative facts" with those which arose before the death.'" (Citation omitted.) *Id.* at 490. Although the issue before *Davis* was the application of res judicata, it never conveyed that allegations of concealing, misrepresenting, and interfering with evidence were improper bases for a TIDE claim. In fact, these were the only TIDE allegations in *Davis*; there was no allegation that *Walmart* physically destroyed evidence. *Id.*

**{¶34}** Limiting spoliation claims to situations where evidence is burned, shredded, or otherwise physically destroyed obfuscates the issue. The gravaman is the unavailability of the evidence to the person entitled to it. The manner in which a party interferes with production is inconsequential to this element. Although this "physical" limitation simplifies a court's analysis and disposal of TIDE claims, it is inconsistent with the Ohio Supreme Court's decision in *Smith v. Howard Johnson Co.,* supra.

**{¶35}** Based on the foregoing, an allegation of actual destruction or alteration of *physical* evidence is not required under *Smith* to assert a viable TIDE claim. Instead, the intentional concealment, interference with, or misrepresentation of evidence is sufficient to establish a viable cause of action if the other elements spelled out in *Smith*

13

are satisfied. Thus, Kristen's first assignment of error has merit. The trial court erroneously held that an allegation of physical destruction or alteration of physical evidence is a prerequisite to establish a viable TIDE cause of action.[1]

{¶36} In addition, appellees argue that a spoliation of evidence suit cannot be based upon matters arising in a discovery dispute. They assert that *Wilkey v. Hull*, 366 Fed Appx. 634, 637, (6th Cir.2010), holds that a discovery dispute cannot be the basis for a spoliation of evidence claim. We disagree. In *Wilkey*, Dr. Wilkey was facing suspension proceedings conducted by his employer hospital. In the course of the proceedings, Wilkey requested a particular report, but the hospital's counsel, Hull, refused to disclose the report because it was not listed on the relevant exhibit list. Wilkey believed that the report was favorable to him and that it may have prevented his suspension. The hospital subsequently suspended him. Wilkey then filed suit against the hospital and Hull for their tortious interference with evidence during his suspension proceedings. The trial court granted the defense motions to dismiss, and the court of appeals affirmed explaining, "[w]e recognize that the Ohio Supreme Court in *Davis v. Wal-Mart Stores, Inc.* suggested that the 'misrepresenting' or even 'withholding' of evidence might be an actionable wrong. * * * However, we are reluctant to rely too heavily upon the *Davis* case as the court there was focused solely on whether the TIDE claim was barred by *res judicata*. * * * Moreover, numerous decisions * * * have concluded that this language in *Davis* was nonbinding dicta. * * * In any event, no misrepresentation occurred here as the complaint does not allege that Hull ever denied the existence of the report or spoke to its contents. * * * Nor do we think Hull 'withheld'

---

1. Our conclusion does not, however, mean that Kristen's TIDE claims have merit; instead, we address each independently herein.

14

evidence for purposes of a TIDE claim. * * * Here, * * * Hull's actions [in the underlying case], as alleged by Wilkey, were never disguised—Hull stated he was not going to hand over any external reports and gave reasons for doing so. In other words, the present case involves little more than a discovery dispute, and we do not think that Ohio courts would be willing to stretch the TIDE doctrine to such an extent." (Citations omitted.) *Id.* at 637-638.

**{¶37}** Thus, *Wilkey* found no viable basis for a TIDE claim arising during discovery in the suspension proceedings because there was no intentional concealment or withholding of evidence. Instead, Hull indicated that he was not handing over certain reports in response to Wilkey's requests and asserted corresponding reasons for the nondisclosure of these documents in the proceedings. The fact that counsel acknowledged the existence of the responsive documents, but objected to their disclosure is critical. We agree that as in *Wilkey*, a discovery dispute appropriately raised in an underlying case should not constitute the basis for a viable TIDE claim. However, if a party to a suit willfully fails to disclose or intentionally hides or conceals otherwise responsive and discoverable evidence that has been requested in discovery without identifying the document or appropriately objecting to the request, then a cause of action for TIDE arises. Civ.R.26(B)(6)(a). Thus, an absolute holding that spoliation of evidence claims cannot arise via discovery disputes is incorrect.

**{¶38}** Accordingly, without reviewing each allegation separately, we cannot hold that Kristen's various TIDE allegations were each legitimately disputed discovery issues in her wrongful termination case. Furthermore, although it appears that Kristen raised the spoliation of evidence issue directly with the trial court in her motion for default

15

judgment in her underlying case, the trial court did not address this issue because she voluntarily dismissed her suit without prejudice before it addressed her motion.[2]

**{¶39}** A plaintiff must also establish that the destruction or interference with evidence was designed to disrupt the plaintiff's case; that it actually disrupted the plaintiff's case; and that damages were proximately caused by the defendant's acts. *Smith*, supra.

**{¶40}** Appellees argue that Kristen's voluntary dismissal of her discrimination suit pursuant to Civ.R. 41(A) preserves her right to re-file her suit, and as such, renders it impossible to establish damages resulting from their alleged disruption of her underlying suit. We disagree.

**{¶41}** In *Hicks v. Bryan Med. Group, Inc.*, 287 F.Supp. 2d 795 (N.D.Ohio 2003), the court considered a motion for summary judgment filed by a hospital against its prior employee, Hicks, a certified registered nurse anesthetist. One of Hick's claims asserted that the hospital spoliated evidence based on the hospital's alteration of Hick's privileges application. The box indicating that Hicks sought privileges for administering sedation had been checked by someone other than Hicks, and his application was in the hospital's sole possession since he submitted it. Thereafter, Hicks and the hospital were sued for malpractice based on another employee's administration of anesthesia that resulted in the patient's death. The theory of liability against Hicks was that he was the "supervisor" based on the altered privileges application. *Id.* at 810. Hicks settled the suit against him. The district court subsequently denied the hospital summary judgment, explaining, "The court finds that a reasonable jury could conclude that the

---

2. Kristen filed her motion for default judgment and/or to strike defendant's motion for summary judgment in the underlying discrimination case October 17, 2014 and filed her notice of voluntary dismissal October 24, 2014. The trial court never ruled on her October 17, 2014 motion.

alteration to Hick's privilege application was a disruption in the [malpractice] case and that Hicks was damaged because of the alteration. Had the application not been altered, Hicks may have settled for less than he did or may not have agreed to settle at all." *Id.* at 811.

**{¶42}** Although the extent of Kristen's damages arising from her TIDE suit, if any, are dependent upon her success in her underlying case, success in her underlying case either via jury award or settlement does not preclude damages in her separate TIDE suit. Instead, and as in *Viviano* and *Hicks*, supra, if Kristen establishes that the defendants willfully interfered with or destroyed evidence and that their actions disrupted her discrimination case, then she would be entitled to resulting damages. The fact that her underlying case is viable does not preclude an award of damages caused by the *disruption* to her case.

**{¶43}** Pursuant to Civ.R. 56(C), and in viewing the evidence in Kristen's favor, we examine each of the TIDE allegations against attorneys Smith and Hirt asserted in her complaint. First, she alleges that they instructed witness Angela Desai, the school's human resource director, to ignore a properly served subpoena, not appear for deposition, and to flee the court's jurisdiction. In attorneys Smith and Hirt's motion for summary judgment, they respond to this allegation solely on the basis that it does not include the destruction of physical evidence. Neither attorney Smith nor Kane deny this allegation in their respective affidavits or in their brief in support of their motion. Instead, they assert that the fact that Kristen's counsel subsequently obtained an affidavit from Desai reflects that there is no TIDE or spoliation of evidence. We disagree. Counsel's instruction to a client or a witness to ignore a properly served subpoena and not appear

17

for deposition and to leave the court's jurisdiction is a basis for a TIDE claim.  Because attorneys Smith and Hirt did not come forward with evidence as to the veracity of this allegation, we cannot find that summary judgment was properly granted.

{¶44} Second, Kristen asserts in her complaint that attorneys Smith and Hirt withheld, hid, altered and/or destroyed weekly executive cabinet meeting minutes, calendars of events, meeting agendas, and job descriptions.  Attorneys Smith and Hirt originally represented all defendants in the discrimination suit.  Kristen issued written discovery requests to all defendants.  In response, counsel and/or the defendants wrote "N/A" in response to more than six requests for production of documents.  But then upon Kristen's further demands and following several depositions, she received thousands of documents that should have been provided in response to her initial written discovery requests.  In response, attorneys Smith and Hirt assert that these documents were never physically destroyed, and since these requested documents have since been produced, the claim is moot.  Again, however, neither attorney Smith nor Hirt set forth in their affidavits or point to any evidence demonstrating that they did not willfully conceal or hide these documents.  The fact that they are now in Kristen's possession does not eliminate a TIDE claim if they were at one point willfully withheld in her underlying suit and not otherwise legitimately in dispute.  Civ.R.26(B)(6)(a).  Thus, summary judgment was improper because attorneys Smith and Hirt did not set forth evidence affirmatively demonstrating that Kristen cannot prove this claim.

{¶45} Third, Kristen's complaint alleges attorneys Smith and Hirt withheld, hid, altered and/or destroyed documents and information provided by Regina Patterson and Rhonda Baldwin-Amorganos and other board members.  Again, attorneys Smith and

18

Hirt did not come forward with evidence demonstrating that they did not withhold, alter, or destroy documents or information they received from Patterson and/or Baldwin-Amorganos as alleged by Kristen. The fact that the subject documents and information was ultimately disclosed is not enough to award summary judgment for a TIDE claim. Thus pursuant to Civ.R. 56(C), the trial court erroneously awarded summary judgment for this claim.

{¶46} Fourth, Kristen's TIDE complaint alleges attorneys Smith and Hirt instructed Andre Coleman not to answer certain deposition questions. We agree with attorneys Smith and Hirt that instructing one's client not to answer certain deposition questions is not the type of conduct encompassed by a TIDE claim. Instead, counsel's objections to a certain line of questioning and directing a client not to answer is a matter to be addressed to the trial court handling the case either through a motion for a protective order or a motion to compel. Civ.R. 26; Civ.R. 37(A)(2). In fact, Civ.R. 37(A) provides the procedure for a party to use when faced with this issue and includes the possible award of expenses incurred with a motion to compel. It does not appear that Kristen filed a motion to compel in the wrongful termination suit. Thus, the dismissal of this alleged TIDE claim was proper and is affirmed.

{¶47} Upon viewing the limited evidence before us, the allegations against attorneys Smith and Hirt as set forth in the TIDE complaint and as detailed above have arguable merit. Attorneys Smith and Hirt submitted their personal affidavits in which they confirm that they handed over certain discovery documents, including the job description of Jill Merolla, executive cabinet meeting minutes, calendar printouts, and meeting agendas. Conspicuously absent from each affidavit is a statement that

19

attorneys Smith and Hirt did not intentionally withhold, conceal or destroy documents or evidence during Kristen's discrimination case. Further, neither attorney verifies in his affidavit that he provided all documents corresponding to Kristen's discovery requests or otherwise properly objected to evidence and identified the potentially privileged evidence and documents as directed by Civ.R.26(B)(6)(a). Additionally, neither attorney Smith nor Hirt denies in his affidavit that he advised the WSD human resources director, Angela Desai, to flee the jurisdiction and/or to not attend her subpoenaed deposition. Furthermore, Kristen was denied the opportunity to secure attorney Smith and Hirt's testimony on these very issues as a result of the trial court's blanket protective order.

{¶48} Unlike the facts in *Wilkey*, supra, Kristen asserts that attorneys Smith and Hirt intentionally failed to hand over thousands of otherwise discoverable documents without explanation and instead wrote "N/A" in response to her written discovery requests that encompassed said documents. Although the requested documents were later disclosed after deposition questioning as to the lack of any responsive documents, the nondisclosures apparently led to delays and increased costs in Kristen's pursuit of her wrongful termination suit. Kristen's allegation that thousands of discoverable and responsive documents were not initially disclosed or identified as objectionable by attorneys Smith and Hirt in response to her discovery requests remains unchallenged. Kristen's allegation that attorneys Smith and Hirt intentionally concealed, hid, or destroyed evidence is likewise unchallenged.

{¶49} For the foregoing reasons, we find that the trial court's award of summary judgment as to attorneys Smith and Hirt was improper, in part.

{¶50} Kristen also asserts that the trial court erred in failing to grant her cross-motion for summary judgment. We disagree.

{¶51} Although the trial court erroneously granted attorney's Smith and Hirt's motions for summary judgment, in part, Kristen has not presented evidence establishing that she is entitled to judgment as a matter of law. Accordingly, and pursuant to Civ.R. 56(C), genuine issues of material fact remain, and Kristen's fourth assignment of error lacks merit and is overruled.

{¶52} Based on the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed in part, reversed in part and remanded for further proceedings consistent with our opinion.


COLLEEN MARY O'TOOLE, J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only.