[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Elliott-Thomas v. Smith,* Slip Opinion No. 2018-Ohio-1783.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-1783

ELLIOTT-THOMAS, APPELLEE, *v.* SMITH ET AL., APPELLANTS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Elliott-Thomas v. Smith,* Slip Opinion No. 2018-Ohio-1783.]

*Torts—Intentional spoliation of evidence—Allegations of intentional interference with or concealment of evidence are not actionable under the independent tort of intentional spoliation of evidence.*

(No. 2017-0693—Submitted January 25, 2018—Decided May 8, 2018.)

CERTIFIED by the Court of Appeals for Trumbull County,

No. 2015-T-0007, 2017-Ohio-702.

_____

KENNEDY, J.

{¶ 1} The Eleventh District Court of Appeals determined that its judgment in this case conflicts with judgments of the Fourth, Fifth, and Eighth District Courts of Appeals, and it certified the issue in conflict as follows:

"Does the tort of intentional interference with or destruction of evidence include claims alleging interference with or

concealment of evidence that disrupt a plaintiff's underlying case? Or, is the tort of intentional interference with or destruction of evidence limited to claims that allege evidence is physically altered or destroyed?"

150 Ohio St.3d 1406, 2017-Ohio-6964, 78 N.E.3d 907, quoting 11th Dist. Trumbull No. 2015-T-0007 (May 4, 2017). We agreed that a conflict exists and accepted this matter for review. *Id.*

{¶ 2} As the questions are framed by the appellate court, resolution of one resolves the other. We answer the first question in the negative, and therefore, we need not address the second question. We reverse the judgment of the Eleventh District Court of Appeals and reinstate the judgment of the trial court.

**Facts and Procedural History**

{¶ 3} In August 2012, appellee, Kristen Elliott-Thomas, filed an action against the Warren City School District, its board of education, and five board members (collectively, "school defendants") alleging wrongful termination and sex discrimination ("wrongful-termination case"). Appellants, David Kane Smith and David Hirt, are attorneys who represented the school defendants in the wrongful-termination case.

{¶ 4} While the wrongful-termination case was pending, Elliott-Thomas filed the instant action against Smith, Hirt, and two members of the school board, alleging intentional spoliation of evidence. Specifically, she contends that Smith and Hirt intentionally withheld, hid, altered, and/or destroyed evidence relevant to her wrongful-termination case.

{¶ 5} The parties filed cross-motions for summary judgment. The trial court granted judgment in favor of Smith and Hirt, finding that Elliott-Thomas's claim for intentional spoliation of evidence failed because she was unable to establish that either Smith or Hirt had physically destroyed evidence. Instead, the

trial court determined that the allegations amounted to discovery disputes arising from the wrongful-termination case.

{¶ 6} Elliott-Thomas appealed. The appellate court reversed, concluding that to establish a viable spoliation claim, a plaintiff need not present evidence of "actual destruction or alteration of physical evidence * * *. Instead, the intentional concealment, interference with, or misrepresentation of evidence is sufficient * * *." 2017-Ohio-702, 79 N.E.3d 606, ¶ 35.

{¶ 7} Smith and Hirt then filed a motion to certify a conflict with the Fifth District's judgment in *Allstate Ins. Co. v. Qed Consultants, Inc.*, 5th Dist. Knox No. 09CA14, 2009-Ohio-4896, the Eighth District's judgments in *O'Brien v. Olmsted Falls*, 8th Dist. Cuyahoga Nos. 89966 and 90336, 2008-Ohio-2658, and *Bugg v. Am. Std., Inc.*, 8th Dist. Cuyahoga No. 84829, 2005-Ohio-2613, and the Fourth District's judgment in *McGuire v. Draper, Hollenbaugh & Briscoe Co., L.P.A.*, 4th Dist. Highland No. 01CA21, 2002-Ohio-6170. The appellate court granted the motion.

{¶ 8} We recognized the conflict. 150 Ohio St.3d 1406, 2017-Ohio-6964, 78 N.E.3d 907.

### Analysis

{¶ 9} Smith and Hirt argue that the appellate court erred in reversing the trial court's grant of summary judgment in their favor. The trial court's judgment was based on its holding that the independent tort of spoliation of evidence does not include claims alleging intentional concealment of or interference with evidence. We review de novo cases involving a grant of summary judgment. *Dayton v. State*, 151 Ohio St.3d 168, 2017-Ohio-6909, 87 N.E.3d 176, ¶ 12.

{¶ 10} Ohio is among only a handful of jurisdictions that recognize the independent tort of intentional spoliation of evidence. *See Smith v. Howard Johnson Co., Inc.*, 67 Ohio St.3d 28, 29, 615 N.E.2d 1037 (1993); *see also Hannah v. Heeter*, 213 W.Va. 704, 707-708, 584 S.E.2d 560 (2003); *Oliver v. Stimson*

*Lumber Co.*, 297 Mont. 336, 1999 MT 328, 993 P.2d 11, ¶ 33-40; *Coleman v. Eddy Potash, Inc.*, 120 N.M. 645, 649, 905 P.2d 185 (1995), overruled on other grounds, *Delgado v. Phelps Dodge Chino, Inc.*, 131 N.M. 272, 2001-NMSC-034, 34 P.3d 1148; *Hazen v. Anchorage*, 718 P.2d 456, 463 (Alaska 1986). In *Smith,* we established that the tort has five elements: "(1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts." *Id.* at 29.

{¶ 11} Elliott-Thomas acknowledges that in *Smith*, this court described the tort as requiring the "willful destruction of evidence," but she argues that a close examination of *Smith* reveals that the court did not limit the cause of action to the physical destruction of evidence. Instead, she contends, the court intended the tort to encompass intentional concealment and interference. In support of this argument, Elliott-Thomas points to *Smith*'s citation of *Viviano v. CBS, Inc.*, 251 N.J.Super. 113, 597 A.2d 543 (1991); she also points to this court's opinion in *Davis v. Wal-Mart Stores, Inc.*, 93 Ohio St.3d 488, 756 N.E.2d 657 (2001). However, neither case supports Elliott-Thomas's position.

{¶ 12} In *Viviano*, the New Jersey Superior Court, Appellate Division, found compensable the plaintiff's claim that the defendants had fraudulently concealed evidence that was material to an action that the plaintiff was pursing against third parties for work-related injuries. *Id.* at 126-127. The *Viviano* court first set out the elements of a claim for destruction of evidence, then recognized that the claim before it for concealment of evidence was "analogous to" an action for destruction of evidence. *Id.* at 125-126 ("If 'concealment of evidence' is substituted for 'destruction of evidence,' all of those elements * * * are amply supported by the evidence"). However, we are not convinced that *Smith* cited

4

*Viviano* for anything more than the elements of an action for destruction of evidence. *See Smith* at 29, citing *Viviano* at 126.

{¶ 13} In *Davis*, the plaintiff alleged that the defendant "had withheld certain evidence and documents and that several [of the defendant's] employees * * * had provided false or misleading testimony during their depositions" in an underlying case. *Id.* at 489. But the *Davis* court was considering only the narrow issue of whether the plaintiff's intentional-spoliation-of-evidence action was barred by res judicata. *Id.* In concluding that it was not, the court did not explicitly hold that the tort applied to interference with or concealment of evidence. *Id*. at 489-491.

{¶ 14} As demonstrated by the appellate court's certification of conflict, several Ohio appellate districts have concluded that the tort of intentional spoliation does not include claims alleging intentional concealment of or interference with evidence. Additionally, none of our sister state supreme courts that recognize the independent tort have so defined the action. The Supreme Court of Alaska stated,

> Intentional spoliation is not the appropriate cause of action when evidence is concealed, but not destroyed, because late-produced evidence—even evidence produced after the entry of judgment— can still be presented to the fact finder for a ruling on the merits. And trials on the merits are most consistent with the truth-seeking function of the court.

*Allstate Ins. Co. v. Dooley*, 243 P.3d 197, 203 (Alaska 2010).

{¶ 15} Most states have declined to adopt a cause of action for intentional spoliation of evidence. *See Goff v. Harold Ives Trucking Co.*, 342 Ark. 143, 150, 27 S.W.3d 387 (2000); *Trevino v. Ortega*, 41 Tex.Sup.Ct.J. 907, 969 S.W.2d 950, 951-953 (1998); *Monsanto Co. v. Reed*, 950 S.W.2d 811, 815 (Ky.1997); *Brown v.*

*Hamid*, 856 S.W.2d 51, 56 (Mo.1993); *Koplin v. Rosel Well Perforators, Inc*., 241 Kan. 206, 215, 734 P.2d 1177 (1987); *La Raia v. Maricopa Cty. Superior Court*, 150 Ariz. 118, 121, 722 P.2d 286 (1986); *Murphy v. Target Prods.*, 580 N.E.2d 687, 690 (Ind.App.1991); *Miller v. Montgomery Cty*., 64 Md.App. 202, 214, 494 A.2d 761 (1985). It is notable that California, the state in which the intentional-spoliation-of-evidence action found its beginnings, *see Smith v. Los Angeles Cty. Superior Court*, 151 Cal.App.3d 491, 495-503, 198 Cal.Rptr. 829 (1984), changed course and no longer recognizes that tort, deciding to rely instead on traditional remedies, *see Cedars-Sinai Med. Ctr. v. Los Angeles Cty. Superior Court*, 18 Cal.4th 1, 8-17 74 Cal.Rptr.2d 248, 954 P.2d 511 (1998). As the viability of the tort is not an issue currently before us, we do not go that far today. Nevertheless, the reasons and principles discussed by these courts guide our decision to reject an expansion of the tort of intentional spoliation of evidence to encompass allegations of intentional concealment of or interference with evidence.

**{¶ 16}** One consideration that supports our decision is the existence of other adequate remedies to deter and punish interference with and concealment of evidence by parties and counsel. Civ.R. 37 provides trial courts with broad discretion to impose sanctions upon a party who violates the rules governing the discovery process. *See Toney v. Berkemer*, 6 Ohio St.3d 455, 458, 453 N.E.2d 700 (1983). Abuse of the discovery process is also deterred by the ethical obligations placed upon legal counsel, *see* Prof.Cond.R. 3.3 and 3.4, and attorney disciplinary sanctions, *see* Gov.Bar R. V. *Accord Dooley* at 203; *Trevino* at 953; *Cedars-Sinai* at 8-13.

**{¶ 17}** Another consideration contributing to our decision to reject an expansion of the spoliation tort is the speculative nature of the harm arising from interference with or concealment of evidence and the speculative nature of any alleged resulting damages. *See Cedars-Sinai* at 13-14 (harm); *Koplin* at 215 (damages); *Trevino* at 952 (damages). A jury would have difficulty meaningfully

assessing the harm done to the underlying action when evidence has been interfered with or concealed. "The jury could only speculate as to what * * * effect [the evidence] might have had on the outcome of the underlying litigation." *Cedars-Sinai* at 14. And a jury would find assessing damages problematic "because evidence spoliation tips the balance in a lawsuit; it does not create damages amenable to monetary compensation." *Trevino* at 952-953.

**{¶ 18}** We must also recognize the additional burden that would be placed upon courts if we were to recognize a cause of action for interfering with or concealing evidence. As this action demonstrates, extending the scope of the tort would result in more supplemental proceedings requiring presentation of evidence from underlying litigation in order for juries to determine the harm suffered by plaintiffs. *See Cedars-Sinai*, 18 Cal.4th at 16, 74 Cal.Rptr.2d 248, 954 P.2d 511. Such duplication of effort runs counter to the interests of judicial economy.

> While the law must adjust to meet society's changing needs, we must balance that adjustment against boundless claims in an already crowded judicial system. We are especially averse to creating a tort that would only lead to duplicative litigation, encouraging inefficient relitigation of issues better handled within the context of the core cause of action.

*Trevino*, 41 Tex.Sup.Ct.J. 907, 969 S.W.2d at 951-952.

### Conclusion

**{¶ 19}** We hold that allegations of intentional interference with or concealment of evidence are not actionable under the independent tort of intentional spoliation of evidence. We therefore answer the first certified question by the court of appeals in the negative and do not address the second question. We reverse the

judgment of the Eleventh District Court of Appeals and reinstate the judgment of the trial court.

Judgment reversed.

FRENCH and DEWINE, JJ., concur.

FISCHER, J., concurs, with an opinion joined by O'DONNELL, J.

O'CONNOR, C.J., concurs in judgment only.

RUSSELL J. MOCK, J., of the First District Court of Appeals, sitting for O'NEILL, J.

_____

**FISCHER, J., concurring.**

{¶ 20} I concur fully in the majority opinion but write separately to address any concerns that this court's holding may deprive certain litigants of an adequate remedy when an individual conceals or interferes with evidence. As explained in the court's decision, our Rules of Civil Procedure provide trial courts with broad discretion to address concealment of or interference with evidence that occurs during the course of discovery. *See* Civ.R. 37. Judges should be diligent in using that discretion. The provisions of Civ.R. 37 are critical to the fair administration of justice because they afford trial courts the discretion necessary to address in a timely and appropriate manner any failure to abide by the discovery rules. To that end, trial judges are encouraged to sanction without delay errant behavior by lawyers and litigants in order to deter such conduct in the future. The Rules of Professional Conduct and Rules for the Government of the Bar also contain provisions that deter counsel from concealing or interfering with evidence and provide for the punishment of attorneys who do so. *See* Prof.Cond.R. 3.3 and 3.4; Gov.Bar R. V.

{¶ 21} It is possible that our tort of intentional spoliation of evidence and our rules may not cover a situation in which a nonattorney's concealment of or interference with evidence is not discovered until the underlying action has

concluded.  This situation is not before us in this case, however, because appellee, Kristen Elliott-Thomas, asserts that she learned about the alleged wrongful actions during the pendency of her wrongful-termination case.  Thus, while we may eventually have to decide whether there is a remedy for damages caused by someone who conceals or interferes with evidence when that act is not discoverable until after the underlying litigation has concluded, we need not and do not decide that question today.

O'DONNELL, J., concurs in the foregoing opinion.

_____

Consolo Law Firm, Co., L.P.A., and Frank Consolo, for appellee.

Reminger Co., L.P.A., Martin T. Galvin, and Jonathan H. Krol, for appellants.

Willis & Willis Attorneys, Co., L.P.A., and Jason E. Starling, urging affirmance for amicus curiae Ohio Association for Justice.

Elfvin, Klingshirn, Royer & Torch, L.L.C., and Christina M. Royer, urging affirmance for amicus curiae Ohio Employment Lawyers Association.

_____