[Cite as *Kemme v. Seltzer Holdings, L.L.C.*, 2020-Ohio-3142.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| CHARLENE KEMME, | : | CASE NO. CA2019-10-182 |
| Appellant, | : | O P I N I O N<br>6/1/2020 |
|  | : |  |
| - vs - | : |  |
|  | : |  |
| SELTZER HOLDINGS, LLC, et al., | : |  |
| Appellees. | : |  |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2019-04-0770

O'Connor, Acciani & Levy, LPA, Kory A. Veletean, Amanda L. Patton, 600 Vine Street, Suite 1600, Cincinnati, Ohio 45202, for appellant

John K. Benintendi, P.O. Box 145496, Cincinnati, Ohio 45250-5496, for appellees

**M. POWELL, J.**

{¶ 1}   Appellant, Charlene Kemme, appeals a decision of the Butler County Court of Common Pleas granting summary judgment in favor of appellee, Seltzer Holdings LLC, in a slip and fall action.

{¶ 2}   Kemme and her husband visited The Show on 42, a restaurant operated by Seltzer Holdings, on May 17, 2017.  The couple entered the restaurant through a door from

a deck at the back of the restaurant.   As she entered, Kemme's shoe hit a rise in the threshold between the deck and the inside of the restaurant, and Kemme fell.

{¶ 3}   Kemme filed a complaint against Seltzer for injuries she sustained as a result of the fall. Seltzer moved for summary judgment and the trial court granted the motion on the basis that the defect was open and obvious.   Kemme now appeals the trial court's decision to grant summary judgment to Seltzer, raising the following assignment of error for our review.

{¶ 4}   THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT IN FAVOR OF THE APPELLEE.

{¶ 5}   Summary judgment is a procedural device used to terminate litigation and avoid a formal trial when a case presents no triable issues.   *Roberts v. United Dairy Farmers, Inc.*, 12th Dist. Butler No. CA2014-03-066, 2014-Ohio-3881, ¶ 7.   Summary judgment is properly granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law.   Civ.R. 56(C); *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 10.   An appellate court reviews a trial court's decision on a motion for summary judgment de novo, independently, and without deference to the decision of the trial court.   *Flagstar Bank, FSB v. Sellers*, 12th Dist. Butler No. CA2009-11-287, 2010-Ohio-3951, ¶ 7.

{¶ 6}   The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).   Once this burden is met, the nonmoving party has a reciprocal burden to set forth specific facts showing there is a genuine issue of material fact remaining for the trial court to resolve.   *Id.*

{¶ 7}   On appeal, Kemme argues that the trial court erred in granting summary

judgment because genuine issues of material fact exist regarding 1) whether the defect was trivial/insubstantial; 2) the applicability of the open and obvious doctrine; and 3) whether appellant was prejudiced by the spoliation of evidence.

{¶ 8} Kemme first argues the trial court erred in granting summary judgment because there are genuine issues of material fact regarding whether the rise in the door threshold was a trivial defect/insubstantial hazard. The Ohio Supreme Court has determined that a height difference of two inches or less is insubstantial as a matter of law, unless attendant circumstances are shown to elevate the defect to an unreasonably dangerous condition. *Cash v. Cincinnati*, 66 Ohio St.2d 319 (1981).

{¶ 9} Included with Seltzer's motion for summary judgment was an affidavit from Mike Seltzer, the owner of Seltzer Holdings, that he had measured the height of the door opening and the difference was no greater than two inches. In response, Kemme attached the affidavit of her expert, David Collette, who stated that the elevation deviation was two-and-a-half inches. Kemme therefore argues that there is a genuine issue of material fact relating to the height of the door's threshold.

{¶ 10} However, the trial court did not base its decision to grant summary judgment on this principle of law. Instead, the trial court noted that the parties "expend[ed] a great deal of energy debating the height of the threshold" in light of the *Cash* decision, but stated that even if Kemme's measurement were accepted, Seltzer would still be entitled to judgment as a matter of law based on the open and obvious doctrine.

{¶ 11} Kemme's second argument on appeal focuses on the issue of the applicability of the open and obvious doctrine to the facts of this case. In a negligence action, the plaintiff must establish (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached the duty of care, and (3) as a direct and proximate result of defendant's breach, plaintiff was injured. *Anderson v. Jancoa Janitorial Servs.*, 12th Dist. Butler No. CA2019-

01-018, 2019-Ohio-3617, ¶ 24.

{¶ 12} A premises owner or occupier has a duty to exercise ordinary care to maintain its premises in a reasonably safe condition, such that business invitees will not unreasonably or unnecessarily be exposed to danger. *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203 (1985). The business owner has a duty to warn invitees of latent or concealed dangers the owner knows of, or has reason to know of, that invitees would not expect to discover or protect against. *Baker v. Meijer Stores L.P.,* 12th Dist. Warren No. CA2008-11-136, 2009-Ohio-4681, ¶ 27.

{¶ 13} However, a business owner or occupier is not the insurer of an invitee's safety. *Id.*; *Anderson* at ¶ 25. The business owner has no duty to warn of open and obvious hazards. *Roberts*, 2014-Ohio-3881 at ¶ 9. Instead, invitees are expected to take reasonable precautions to avoid dangers that are patent or obvious. *See Brinkman v. Ross*, 68 Ohio St.3d 82, 84, (1993). The rationale behind this rule is that "the open and obvious nature of the hazard itself serves as a warning." *Id.* at ¶ 5. When the open and obvious doctrine applies, it obviates the duty to warn and acts as a complete bar to any negligence claims. *Armstrong v. Best Buy Co.,* 99 Ohio St.3d 79, 2003-Ohio-2573, ¶14; *Wulf v. Bravo Brio Restaurant Group, Inc.*, 12th Dist. Butler No. CA2018-12-238, 2019-Ohio-3434, ¶ 22.

{¶ 14} When deciding whether a condition is open and obvious, "the determinative question is whether the condition is discoverable or discernible by one who is acting with ordinary care under the circumstances." *Williamson v. Geeting,* 12th Dist. Preble No. CA2011-09-011, 2012-Ohio-2849, ¶ 18. This determination is an objective one and therefore, "a dangerous condition does not actually have to be observed by the claimant to be an open and obvious condition under the law." *Gentry v. Collins,* 12th Dist. Warren No. CA2012-06-048, 2013-Ohio-63, ¶ 21. Rather the determinative issue is whether the condition is observable to a reasonable person. *Roberts v. United Dairy Farmers, Inc.*, 12th

- 4 -

Dist. Butler No. CA2014-03-066, 2014-Ohio-3881, ¶ 10; *McQueen v. Kings Island,* 12th Dist. Warren No. CA2011-11-117, 2012-Ohio-3539, ¶ 25.

{¶ 15} As mentioned above, on summary judgment, we must construe the facts in the non-movant's favor. Kemme testified at a deposition that she had been to the restaurant before but had not previously entered the establishment through the back entrance. Kemme walked up a set of stairs on the side of the building, then walked across the wooden deck to a set of double-doors on the other end of the deck. The doors were on Kemme's left side as she walked across the deck. The right door was propped open, while the left side was shut. According to Kemme, a rug was across the entryway of the right door, partially inside and partially outside. The toe of Kemme's shoe hit the bottom of the threshold as she entered and she fell.

{¶ 16} Kemme's husband, who is legally blind, was following her but did not observe his wife's fall. He stated that he did not look down at the threshold as he entered because he typically enters a doorway by feeling where the frame is and lifting his foot up.

{¶ 17} Kemme testified that the weather was nice and that the deck was dry. There were no lighting issues and the deck was big and not crowded. She indicated that nothing diverted her attention as she approached the door and nothing obstructed her view of the door as she approached. She does not recall if she looked down as she entered the doorway. Seltzer submitted photographs of the doorway with the doors open and a rug in various positions, including as described by Kemme in her deposition. Although the rug covers the doorway in the photographs, a lump, or large bump is observable.

{¶ 18} Based on our review, we find the trial court did not err in determining that the condition was open and obvious. A height difference in the threshold of a door is a usual and typical circumstance that a reasonable person would expect to encounter and protect against, particularly when it is an exterior doorway crossing from outside to inside. The

doorway in this case is one unit with two doors. The height difference between the threshold and deck is observable. Although the rug covered the right side of the doorway, which was open, a lump or bump was still observable. *See McCoy v, Wasabi House LLC.*, 5th Dist. Stark No. 2017CA00098, 2018-Ohio-182 (defect covered by rug open and obvious when observable). Moreover, the height difference was also observable from the left door which was part of the door unit and was not covered by the rug.

{¶ 19} Kemme walked across the deck, from the opposite side, before encountering the door. The weather and lighting were good, the deck was dry and nothing obscured Kemme's view of the door as she approached. She passed the left door and attempted to walk through the open right door. Kemme did not indicate that anything inside the restaurant distracted her prior to entering the door. Given these facts, we find the condition was one which was expected and was observable to a reasonable person.

{¶ 20} The fact that the danger may have been easier to perceive without the rug, or with warning strips or signs, does not negate the fact that the danger was still appreciable to a reasonable person. Other courts have determined that despite being covered by rugs, conditions were still open and obvious. *See Lowe v. Local Union No. 14 U.A.W.*, 6th Dist. Stark No. L-19-1042, 2020-Ohio-703; *McCoy*, 2018-Ohio-182. This is particularly true where the danger of a height difference in a threshold, as discussed above, is a danger one would typically expect in an exterior doorway. Therefore, the trial court did not err in determining that the condition was open and obvious.

{¶ 21} Finally, Kemme argues that the trial court erred in deciding her claim for the spoliation of evidence. The Ohio Supreme Court has recognized the elements of such a claim as "(1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and

(5) damages proximately caused by the defendant's acts." *Smith v. Howard Johnson Co., Inc.*, 67 Ohio St.3d 28, 29 (1993); *Elliott-Thomas v. Smith*, 154 Ohio St.3d 11, 2018-Ohio-1783, ¶ 10.

{¶ 22} The restaurant had several video cameras operating on the day of the accident. According to Seltzer's answers to interrogatories, Mike and Ben Seltzer viewed the video feed from the date of the accident, but the video system re-recorded over itself. Kemme claims that destruction of this video hindered her ability to establish who placed the rug over the door and how long the rug had been there. The trial court found that Kemme presented sufficient evidence of the first and second elements of a spoliation claim, but failed to present evidence of the remaining elements. We find the trial court did not err in this determination.

{¶ 23} Viewing the evidence in a light favorable to Kemme, she presented evidence, based solely on interrogatories, that there were cameras recording, one of the cameras is "near the rear door in which Plaintiff entered" and that Seltzer's agents viewed the video and the video then re-recorded itself. Kemme failed to depose Seltzer's agents or present any other evidence in support of her spoliation claim to show that the actions were willful or an attempt to disrupt her case.

{¶ 24} Moreover, on appeal, Kemme claims the evidence would have been favorable in determining who placed the rug and how long it had been there. However, as discussed above, even viewing the evidence in a light most favorable to Kemme, the condition was open and obvious. A determination that a condition is open and obvious negates the duty element of a negligence claim and acts as a complete bar to recovery. *See Armstrong*, 99 Ohio St.3d 79, 2003-Ohio-2573 at ¶ 14. Therefore, Kemme cannot establish disruption of her case or damages caused by the spoliation of evidence.

{¶ 25} In conclusion, we find no merit to Kemme's arguments on appeal and

therefore find that the trial court did not err in granting summary judgment.

{¶ 26} Judgment affirmed.

HENDRICKSON, P.J., concurs.

RINGLAND, J., concurs in part and dissents in part.

**RINGLAND, J., concurring in part and dissenting in part.**

{¶ 27} I respectfully dissent from the majority's decision. In this case, reasonable minds could differ as to whether the raised threshold that Kemme tripped over was an open and obvious condition, as it was hidden beneath a large black mat. Therefore, I would find the trial court erred by granting summary judgment in favor of Seltzer Holdings LLC on Kemme's negligence claim.

{¶ 28} For a hazard to be considered open and obvious it must be "in plain view and *readily discoverable upon ordinary inspection*." *Forste v. Oakview Constr, Inc.*, 12th Dist. Warren No. CA2009-05-054, 2009-Ohio-5516, ¶ 16 (Emphasis added), citing *Parsons v. Lawson Co.*, 57 Ohio App.3d 49, 51 (12th Dist.1989); *see also Barnett v. Beazer Home Invests., L.L.C.*, 180 Ohio App.3d 272, 2008-Ohio-6756, ¶ 32 (12th Dist.). "The crucial inquiry is whether an invitee exercising ordinary care would have seen and been able to guard against the condition." *Zitron v. Sweep-A-Lot*, 10th Dist. Franklin No. 09AP-1110, 2010-Ohio-2733, ¶ 11; *Kidder v. Kroger Co.*, 2d Dist. Montgomery No. 20405, 2004-Ohio-4261, ¶ 11. However, while customers, as invitees, are expected to exercise ordinary care when walking through a store, "the law does not require them to 'look constantly downward.'" *Mohn v. Wal-Mart Stores, Inc.*, 3d Dist. Hardin No. 6-08-12, 2008-Ohio-6184, ¶ 14, quoting *Grossnickle v. Germantown*, 3 Ohio St.2d 96 (1965), paragraph two of the syllabus.

{¶ 29} In the present case, Kemme testified that she entered The Show on 42 from

an outdoor deck and tripped on an elevated door threshold causing her to fall into the restaurant. As depicted in photographs, the entryway is a set of double doors with a raised threshold. According to Kemme, the door to the left side was shut while the right door was propped open. When she entered, Kemme's shoe hit the bottom of the raised threshold causing her fall.

{¶ 30} There is no doubt that a raised threshold can constitute an open and obvious danger. However, in this case, the raised threshold was neither open nor obvious because it was concealed by a large black mat covering the floor both inside and outside the restaurant.

{¶ 31} In granting summary judgment in favor of Seltzer, the trial court emphasized deposition testimony where Kemme stated that she tripped on a clear and sunny day and that she "probably" would have seen the deviation in height *on the left door* had she looked down on the day of the accident.[1] In addition, the trial court also pointed out that Kemme's husband entered from the same point without incident. The trial court found that to be significant because Kemme's husband testified that he is "legally blind."

{¶ 32} However, I believe the candid answer that Kemme provided months after the accident is not an admission that the raised threshold was an open and obvious hazard. Rather, Kemme's after-the-fact testimony is another example of the "Catch-22" that plaintiffs face in slip and fall cases. That is, between application of the "notice" defense and the "open and obvious" defense there is "no duty" for either visible or invisible hazards. *See, e.g., Roberts v. United Dairy Farmers, Inc.*, 12th Dist. Butler No. CA2014-03-066, 2014-Ohio-3881, ¶ 21 (Piper, J., dissenting); *Capella v. Historic Developers, L.L.C.*, 12th Dist. Butler No. CA2017-07-109, 2018-Ohio-546, ¶ 71 (Ringland, J., dissenting in part). This is

---

1. It bears repeating that Kemme entered the right-side door and testified that the left-side door was closed at the time of the accident.

particularly concerning in this case because the large black mat obscured and blended the view of the threshold. *See, e.g., Durham v. Major Magic's All Star Pizza Revue, Inc.*, 6th Dist. Lucas No. L-04-1192, 2005-Ohio-1029, ¶ 16 (genuine issue of material fact precludes summary judgment when the surface and the object on which a plaintiff falls are of the same color).

{¶ 33} Furthermore, I do not find evidence that Kemme's legally blind husband entered the restaurant without incident is a particularly compelling fact in this case. It is apparent that an individual without the ability to see must navigate his surroundings much differently than someone with sight. That a legally blind person navigated an entrance without incident is not suggestive that a condition is "in plain view and readily discoverable upon ordinary inspection." *Forste*, 2009-Ohio-5516 at ¶ 16.

{¶ 34} Finally, although I concur with the outcome of this matter with regard to the independent tort of intentional spoliation of evidence, I am troubled by the fact that several individuals associated with The Show of 42 were able to view recorded footage of the incident, only for the parties to later discover that evidence deleted or possibly taped over.

{¶ 35} As correctly identified by the majority, the tort of intentional spoliation of evidence has five elements: "'(1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts.'" *Elliott-Thomas v. Smith*, 154 Ohio St.3d 11, 2018-Ohio-1783, ¶ 10, quoting *Smith v. Howard Johnson Co., Inc.*, 67 Ohio St.3d 28, 29 (1993).

{¶ 36} The majority resolves this issue, in part, by concluding that Kemme "cannot establish disruption of her case or damages caused by the spoliation of evidence" because of the open and obvious nature of the condition. Since I do not believe summary judgment

should have been granted in favor of Seltzer on the open and obvious defense, I would also not find that summary judgment is appropriate for Kemme's spoliation claim on that basis. Nevertheless, I agree that Kemme failed to provide any evidence, through deposition or otherwise, that there was a "willful destruction of evidence." Since Kemme did not provide evidence to satisfy all five elements, her claim must fail.

{¶ 37} Based on the facts of this case, and in light of the cases cited above, I believe there is a genuine issue of material fact as to whether the large black mat concealed the raised threshold that caused Kemme's fall. Therefore, I would reverse and remand the negligence action, but affirm, for different reasons, on the intentional spoliation of evidence claim. With regard and respect for my colleagues, I must respectfully dissent in part and concur in part.